**John I. CALAMIA, Plaintiff–Appellant,**

v.

**Price SPIVEY, Administrator of Seafarers Welfare and Pension Plan, et al., Defendants–Appellees.**

No. 80–3210
Summary Calendar

United States Court of Appeals, Fifth Circuit. Unit A

Dec. 17, 1980.

■■■■■■■■■■■■■■■

Walter F. Gemeinhardt, New Orleans, La., for plaintiff–appellant.

Dodd, Barker, Boudreaux, Lamy & Gardner, Louis L. Robein, Jr., New Orleans, La., for defendants–appellees.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

AINSWORTH, Circuit Judge:

John I. Calamia appeals from the judgment of the district court dismissing his suit against the Seafarers Pension Plan. The suit was brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq. Calamia claimed that the disability pension granted him by the Plan was improperly set at $250 per month rather than $350, and asked the court to declare his rights under the pension and to grant compensatory and punitive damages. On appeal, Calamia asserts several errors which can be consolidated into three claims. First, he maintains that the trial court erred in striking his demand for a jury trial. Next, appellant claims that the court incorrectly found that the provisions of the Plan did not arbitrarily and capriciously deny him the higher pension. Finally, he asserts that the court abused its discretion in allowing evidence and testimony not specified in the pretrial order listing all witnesses and exhibits. We find no merit in any of the appellant's claims, and therefore affirm.

The appellant, a seaman and member of the Seafarers International Union, applied to Seafarers Pension Plan for a disability pension on April 24, 1975. He submitted a copy of his Social Security disability award in support of his application on July 2. On July 15, Board of Trustees of the Plan approved his application, awarding him $250 a month effective August 1.[1] The full Board of Trustees ratified the subcommittee's actions on September 10, 1975. Meanwhile, on June 16, the Union signed a collective bargaining agreement with its employers providing for increased employer contributions to the pension plan. In light of these contributions, the Board of Trustees of the Plan increased the amount of disability pension from $250 to $350 per month for those members who apply after the date their employer began making contributions at the higher rate. Since the collective bargaining agreement was not signed until June 16, no employer made increased benefits until after that date; thus no employee could receive the higher pension if he applied before June 16. Since appellant applied for his pension on April 24, he was awarded $250 per month, the amount then applicable.

The appellant's claim arises under Section 502 of ERISA, which states:

(a) A civil action may be brought—

(1) by a participant or beneficiary—

. . . . .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

. . . . .

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan; . . . .

Relying primarily on *Stamps v. Michigan Teamsters Joint Council 43*, 431 F.Supp. 745 (E.D.Mich.1977), appellant contends that his claims under this section were entitled to a jury trial. We disagree.

■■■■ The mere fact that the appellant would receive a monetary award if he pre-

---

1. During the period between his application for a disability pension and the effective date of that pension, appellant received sickness and accident benefits.

vailed does not compel the conclusion that he is entitled to a jury trial. *Curtis v. Loether*, 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974); *Swofford v. B & W, Inc.*, 336 F.2d 406, 414 (5th Cir. 1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965). A litigant is entitled to a jury trial, however, even when he seeks to enforce newly–created statutory rights, if those rights are of a legal rather than an equitable nature. *Curtis v. Loether, supra*, 415 U.S. at 193–94, 94 S.Ct. at 1008. Since Congress has the power to entrust enforcement of new rights to courts sitting as in equity, *id.* at 195, 94 S.Ct. at 1009, the first step in determining the legal or equitable nature of an action such as this is to examine the intent of Congress. If congressional intent is not apparent, the next step is to examine the "pre–merger custom with respect to such questions," looking at how similar actions were treated before the merger of law and equity. *Ross v. Bernard*, 396 U.S. 531, 538 n.10, 90 S.Ct. 733, 738 n.10, 24 L.Ed.2d 729 (1970). *See also Curtis v. Loether, supra* 415 U.S. at 195–96, 94 S.Ct. at 1009.

In *Stamps*, the district court held that Congress intended Section 502 to entitle litigants to a jury trial for two reasons. First, it concluded that Section 502(a)(1)(B) would unnecessarily duplicate the rights provided by Section 502(a)(3) if the former created an equitable action. Second, it construed the language of a Conference Committee statement that actions under Section 502 should "be regarded as arising under the laws of the United States in similar fashion to those brought under Section 301 of the Labor–Management Relations Act of 1947" to mean that ERISA claims, like claims under Section 301 of the labor act, should be tried before a jury. The only court of appeals to address the issue rejected the reasoning of *Stamps*, however. *Wardle v. Central States, Southeast and Southwest Areas Pension Fund*, 627 F.2d 820 (7th Cir. 1980). We agree with the Seventh Circuit. Section 502(a)(1)(B) and 502(a)(3) are not redundant since, under Section 502(e), the federal courts have exclusive jurisdiction over all Section 502 claims except those arising under (a)(1)(B), over which state courts have concurrent jurisdiction. Thus the two subsections can be construed as nonduplicative without concluding that one must be equitable and the other legal. Moreover, as *Wardle* indicates, the portion of the legislative history cited by *Stamps* authorized the federal courts to develop a federal common law to govern ERISA claims in a similar fashion to the way the courts have developed a federal common law to govern Section 301 claims. *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). This is a much more plausible interpretation of the Conference Committee's language than the *Stamps* court's notion that ERISA claims should carry the same substantive and procedural rights as claims under Section 301.

■ In the absence of any clear congressional intent, the court in *Wardle* examined prior cases and determined that similar claims were previously considered equitable and that the kind of determination required—whether the pension fund acted arbitrarily and capriciously—was one traditionally performed by judges. *Wardle v. Central States, Southeast and Southwest Areas Pension Fund, supra*, 627 F.2d at 829, 830. We concur in that determination, and hold that ERISA does not entitle the appellant to a jury trial.

■ Appellant's second contention–that the district court incorrectly determined that the Plan did not act arbitrarily and capriciously–is without merit. We reject his arguments for the reasons stated by the district court.

■ Finally, appellant's assertion that the district court abused its discretion in admitting evidence and testimony not included in the pretrial order is also without merit. The trial judge has broad discretion in determining whether to admit evidence and witnesses not included in pretrial orders. *Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir. 1971). There was no clear abuse of discretion which would require us to disturb the district judge's decision.

AFFIRMED.