**Olen LIRETTE, Plaintiff-Appellant,**

v.

**POPICH BROTHERS WATER TRANSPORT INC., et al., Defendants-Appellees.**

No. 80–3566.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 30, 1981.

James M. Boone, Baton Rouge, La., for plaintiff-appellant.

Terriberry, Carroll, Yancey & Farrell, Rufus Harris, III, New Orleans, La., for Popich.

Richard A. Chopin, Nelson W. Wagar, III, New Orleans, La., for Exxon.

A. Wendel Stout, III, Christopher Tompkins, New Orleans, La., for Otto & American Emp.

Hailey, McNamara, McNamara & Hall, W. Marvin Hall, Metarrie, La., for Land & Offshore.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Once again we are presented with a tale of an injured seaman. Not only does Mr. Lirette suffer from the rigors of maritime work, but also unfortunately from the less than diligent prosecution of his case by counsel. Appealing the judgment dismissing his claim and the denial of his motion for a new trial, Lirette complains of the exclusion of evidence and the subsequent refusal by the District Court to reopen the evidence. Finding no clear abuse of discretion by the District Court, we affirm.[1]

Lirette was employed by Popich Brothers as captain of M/V Chief Thunder Horse. Popich Brothers, the owner of M/V Chief Thunder Horse, chartered the vessel to Otto Candies, Inc., who subsequently chartered the vessel to Exxon Corporation. Lirette sued Popich Brothers for a back injury sustained while serving as the captain of M/V Chief Thunder Horse and allegedly caused by the negligence of Popich and unseaworthiness of the vessel. He alleged that the injury occurred on February 23, 1977 when rough seas were encountered while on a trip out to one of Exxon's offshore oil platforms. Exxon was added as a defendant on the basis of false weather reports and negligence. Subsequently, Exxon filed a complaint against Candies for indemnity. Candies cross-claimed against Popich and its insurer for indemnity and Popich cross-claimed against Exxon and filed a complaint against Exxon's boat dispatcher, Land and Offshore Services, Inc. Four months later, on June 24, 1977, Lirette was admitted to the hospital suffering from pain and paralysis in his lower legs. The claim against Popich Brothers was settled prior to trial. The claim against Exxon, with the cross-claims of Exxon, Candies, and Popich appended, proceeded to trial to the court without a jury[2] on June 25 and

---

1. We do not treat in this opinion that part of the District Court's opinion concerning the dismissal of the cross-claim of third-party Otto Candies, Inc. against Popich Brothers which will be addressed in our decision in No. 80–3929.

2. Lirette contends that he was coerced by the District Court into waiving his right to jury trial.

Plaintiff asserts that he was coerced into giving up his Jury Trial option and taking a Judge trial upon the faith that since it was a Judge and not a Jury, Plaintiff could add one additional witness to his pre-trial order, who is not available and/or otherwise known to

June 26, 1979 during which Lirette undertook to prove that Exxon's negligence was the cause of his injury.

The District Court found that the "proximate and sole cause of injury" to Lirette's back was the strain suffered when he lifted a tire into the trunk of his car on June 23, 1977, four months after the alleged injury on board M/V Chief Thunder Horse. The court also found that Lirette had failed to exercise reasonable care in operating the vessel on February 23, 1977. The claims against Exxon, Otto Candies and its insurer, Land and Offshore Services, and Popich [3] and its insurer were all denied.[4]

## I.

■ The first contention on appeal is that the District Court erred in excluding the testimony of Richard Hicks, a United States Coast Guard commander, who had investigated complaints by Popich Brothers' captains that they had been coerced by Exxon to run the boats in rough weather. Commander Hicks was not listed in the pre-trial order of June 11, 1979. The first request by Lirette's counsel that Hicks be allowed to testify came on June 25, 1979,

the morning of the trial.[5] In the preliminary pre-trial conference before a magistrate held on August 31, 1978, a trial date of June 25, 1979 was set with a final pre-trial conference set for June 11, 1979.[6] Apparently the pre-trial order was not prepared properly for this conference on June 11, 1979,[7] in part due to Lirette's counsel's engagements. A second attempt at a pre-trial conference was held on June 22, 1979 at which Lirette's counsel was absent.[8] The pre-trial order named only one witness specifically for the plaintiff other than those witnesses listed by the defendants.[9] Commander Hicks was not listed as a witness for any of the defendants. The pre-trial order also indicated that no further witnesses could be added less than ten full work days before trial.

■ Under F.R.Civ.P. 16, the pre-trial order "controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." The trial judge is granted broad discretion in modifying pre-trial orders to admit witnesses not listed in the order, *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir. 1980). His decision is reviewable only for abuse of discretion. *Newman*

the plaintiff, the formulation of the pre-trial order; to-wit, Commander Hicks of the United States Coast Guard.
Exxon refutes Lirette's claim of coercion, arguing that Lirette's counsel voluntarily waived jury trial.

3. We take the District Court's order specifically stating that the claim against Popich was denied to be a reference to Popich's cross-claim against Exxon and Land and Offshore since Popich had already settled its main claim with Lirette.

4. The District Court granted Exxon's claim against Popich and its insurer and Candies and its insurer for attorneys' fees and costs *in solido*. The judgment was subsequently amended to reflect a dismissal of Otto Candies' cross-claim against Popich Brothers and its insurer. That dismissal forms the basis of the suit in No. 80–3929. See note 1, *supra*.

5. In appellant's brief, error is claimed in excluding the testimony of five witnesses: Commander Hicks, James Stewart, Bob Goodwin, Norman "Cheako" Sanders, and Mark Shore. The brief, however, discusses only the testimony of Commander Hicks.

6. The minute entry of the August 31, 1978 preliminary conference established an April 23, 1979 date for listing "all witnesses who may or will be called to testify at trial." This entry also stated that deadlines were to be extended only "upon timely application and upon a showing of good cause."

7. From the incomplete record presented on appeal, it appears that some type of pre-trial order was prepared but that "plaintiff's counsel was supposed to, and failed to, prepare a final pre-trial order."

8. The District Court refers to this meeting as a "status conference" and stated that Lirette's counsel had failed "to appear at a scheduled conference, to send a substitute or to submit a pre-trial order as required by the Court." A show cause order was issued to Lirette's counsel. His request for a continuance of trial "made informally *via* his secretary at approximately 9:00 this morning," the morning of trial, was denied.

9. The witness listed was Wilford Blanchard.

*v. A. E. Staley Manufacturing Co.*, 648 F.2d 330, 333 (5th Cir. 1981); *Keyes v. Lauga*, 635 F.2d 330, 335 (5th Cir. 1981). There was no abuse of discretion in this case.[10]

Nor is there sufficient explanation of why counsel did not indicate until the morning of trial that he intended to call Commander Hicks. The only excuse given appears to be that Commander Hicks had retired from the Coast Guard and "[o]nly shortly before the pre-trial conference did Plaintiff have the opportunity of locating and producing Commander Hicks." There is no indication of what effort was made to locate Commander Hicks from September 1978 (when Lirette's counsel first indicated that Commander Hicks might be a witness, *see* note 10, *supra*) until June 11, 1979, the date the pre-trial order was to be finalized. The District Court judge subsequently indicated that not only had Hicks not been listed on the pre-trial order but "[h]e was not mentioned as a possible witness during the two weeks before trial during which plaintiff's counsel was supposed to, and failed to, prepare a final pre-trial order. He was never deposed by any defense counsel since he was never mentioned as a witness." From the judge's statement, it is certain that he thought the admission of the testimony of Commander Hicks might have resulted in unfairness to the defendants, who at this late date would not have had time for adequate preparation. For the above reasons, we do not believe that the District Court abused its discretion in excluding the testimony of Commander Hicks.

### II.

The second contention is the asserted error in denying the three motions to reopen the evidence after trial but prior to judgment to include the testimony of three different witnesses, the first of whom was Commander Hicks. This contention is merely the post-trial flip-side of the claimed error in excluding Hicks' testimony at the trial. Much of what we have said about the exclusion of the evidence at trial pertains to the refusal to reopen the evidence. "Reopening the case for additional evidence is normally a discretionary matter for the trial court to decide." *Morales v. Turman*, 562 F.2d 993, 996 (5th Cir. 1977). The District Court indicated that the testimony would add nothing new to the record since witnesses had previously testified "as to the substance of conversations with Mr. Hicks." It is within the trial court's discretion to exclude cumulative evidence. *Bobb v. Modern Products, Inc.*, 648 F.2d 1051, 1055 (5th Cir. 1981). Since there was no abuse of discretion in the District Court's initial rejection of Hicks' testimony, we find there was no abuse in subsequently refusing to reopen the case to receive the same testimony.

On July 25, 1979, one month after the trial, counsel moved also to present the testimony of Dalton LeBouef, an eyewitness to the alleged initial injury. Counsel claimed that Exxon had control of the address and location of LeBouef and failed to provide this information. The brief on appeal does not even discuss the denial of this motion. Added to that, the same considerations as those discussed in connection with the testimony of Commander Hicks show the court's actions were not an abuse of discretion.[11]

The third motion to reopen the evidence was made on March 4, 1980, almost nine months after the trial but again prior to the judgment. Lirette wished to introduce new medical evidence concerning his deteriorating physical condition. The District Court denied this motion on the basis that it would be premature since no determination of liability had been made and it would delay the entry of judgment. In light of the District Court's subsequent finding of

---

**10.** In answering interrogatories propounded by Exxon, Lirette on September 13, 1978 listed "Richard Hicks" as a possible witness at the time of trial. This was not sufficient notice to the defendants such as to replace the need for listing Hicks as a witness in the pre-trial order.

**11.** Judge Collins stated:

Witnesses have already testified as to whether Mr. LeBouef was present .... To have either man [LeBouef or Hicks] repeat this material would add little to the record.

no liability, we find no abuse of discretion in refusing additional medical testimony. Assuming, as Lirette contends, that the case was proceeding as in admiralty, the actions of the District Court comport fully with the relaxed standards traditionally followed by a court sitting in admiralty.

### III.

■ The third contention is that the District Court's conclusions of fact are not supported by sufficient evidence. We refuse to consider this point since a panel of this Court previously excluded this issue from appellate review. This order resulted from the representation to the District Court by Lirette's counsel, after failing to order a transcript of the trial pursuant to F.R.A.P. 10(b), that he would only urge on appeal the denial of the motions to reopen the evidence.[12]

### IV.

■ A last ditch effort to reopen the evidence, coming over one year after filing an appeal, is a motion to supplement the record on appeal with the deposition testimony of Norman A. Sanders, a deckhand on M/V Chief Thunder Horse on the date of the accident, and apparently the same as "Norman Cheako Sandres", listed as a possible witness for Lirette in the September 13, 1978 answers to interrogatories. Although Lirette was aware of the existence and possible use of this witness as early as September 1978, no showing has been made of what efforts were taken to locate him. Aside from this, we cannot see how this testimony could support the limited claim that the District Court should have reopened or left the evidence open. There was ample opportunity to contest sufficiency, but Lirette refused to order a transcript and represented that his only basis for appeal would be the actions of the District Court in denying the post-trial motions to reopen the evidence.

12. IT IS FURTHER ORDERED that the alternative motions of appellees, Otto Candies, Inc. and Exxon Corporation, to limit appellate review of the main demand to exclude those issues of appeal which urge that a

The District Court's judgment dismissing Lirette's claim and denying his motion for new trial was correct.

AFFIRMED.

finding or conclusion is unsupported by the evidence or is contrary to the evidence are granted.
Order of January 26, 1981, before Judges Gee, Rubin and Randall.