In re Roscoe Lowell JACKSON, Debtor.

**BENEFICIAL FINANCE COMPANY,**
**Plaintiff,**

v.

Roscoe Lowell JACKSON, Defendant.

**Bankruptcy No. 82–01681–R.**
**Adv. No. 82–0356–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Aug. 16, 1983.

Robert B. Hill, Petersburg, Va., for plaintiff.

William R. Palmer, Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before this Court upon the filing by Beneficial Finance Company (Beneficial) of a complaint seeking the determination of dischargeability of a debt owed by Roscoe Lowell Jackson (Jackson), the debtor herein. On March 23, 1982, Beneficial refinanced an outstanding loan to Jackson in which Jackson received fresh money in the amount of $1,226.45. Beneficial now asks this Court to render judgment in its favor in the amount of $1,601.65 which includes the fresh money extended Jackson, $8.00 in recording costs, and interest which subsequently has accrued.

In order to obtain the loan from Beneficial, Jackson executed a financial statement

in which he was required to list all his assets, debts over $25.00 which he owed to other creditors, and the amount of monthly installments he owed on his debts. Jackson failed to list a debt he owed on that date to United Virginia Bank in the amount of $6,174.00 which was secured by a 1980 Thunderbird automobile. Jackson also failed to list this automobile as an asset in his financial statement. Jackson also obtained loans from Household Finance Company (HFC) and Avco Finance Company (Avco). In order to obtain loans from each company, he was required to execute financial statements. In both applications he failed to list either the outstanding loan to United Virginia Bank or the ownership of the automobile.

Joseph Duffy, who was employed as a loan manager of a Beneficial office at the time Jackson obtained this loan from Beneficial, oversaw the Jackson loan. He stated he requested and received a credit report on Jackson. Duffy said Beneficial examines three factors in determining whether to grant a loan. These factors include the loan applicant's character and past history as a client, his collateral, and his capacity to repay. Duffy stated that he would never grant a loan to an applicant where that applicant's debt ratio exceeded 45%. He noted that Jackson's financial statement indicated that after receiving the Beneficial loan he would have a debt ratio of 38%; however, Jackson's actual debt ratio at that time was 50% because of the unreported loan from United Virginia Bank. Duffy testified that had he known Jackson's debt ratio was 50% he would not have extended him the loan. Duffy stated Beneficial granted Jackson the loan one day after Jackson applied for the loan.

Jackson testified that at the time he obtained the loan from Beneficial he was undergoing a great deal of stress because of the recent death of his wife. He said he had taken over payment of a car for a friend, Viola Milford, four months before he obtained the loan from Beneficial and had forgotten to list both the debt and the automobile on any of the financial statements he executed for the loans he obtained from Beneficial, HFC, and Avco. He said that when he completed the financial statement for Beneficial he used as a guide an old financial statement which Beneficial had on file. Jackson testified he telephoned Duffy about the new loan and received the loan from Beneficial the same day he applied for it.

Beneficial's counsel failed to comply with the Court's pretrial order requiring it to submit a list of exhibits prior to trial.[1] When he moved the introduction as exhibits the financial statement which Jackson executed in order to obtain the loans from HFC and the note he executed in favor of Beneficial, counsel for Jackson objected and this Court sustained that objection.

## CONCLUSIONS OF LAW

Counsel for Beneficial argues that this Court erroneously sustained the objection to the introduction of its exhibits. Beneficial submits that it failed to submit the exhibits because two or three weeks prior to trial the parties were in the process of discussing a settlement. Beneficial contends that in this instance its actions constitute excusable neglect and its exhibits ought to be admitted into evidence.

■ Court orders must be respected by all parties. A pretrial order emanating from a pretrial conference is not surplusage but is important to the smooth functioning of the judicial process. This Court's pretrial orders generally require counsel to submit exhibits to the Court ten days prior to the trial date in order that both the Court and opposing counsel may be aware of what exhibits will be presented at trial. This procedure helps prevent unfair surprise and the necessity of subsequently continuing a case because of prejudice which

---

1. In a pretrial order entered on January 6, 1983, this Court required the plaintiff on or before ten days prior to trial to submit a list of proposed exhibits and copies of proposed exhibits to the Clerk and prior thereto either forward copies of those exhibits or make them available to counsel for the defendant for examination.

may arise therefrom. Case law clearly permits courts to exclude the introduction of exhibits and the presentation of witnesses where a party has failed to submit a list of witnesses or exhibits pursuant to a court order. *See e.g. Newman v. A.E. Staley Manufacturing Company,* 648 F.2d 330 (5th Cir.1981). *Calamia v. Spivey,* 632 F.2d 1235 (5th Cir.1980). *Colvin v. United States,* 549 F.2d 1338 (9th Cir.1977).

■ Jackson contends in his brief that no testimony should be allowed concerning the contents of the Beneficial note or the HFC financial statement because those exhibits were not allowed to be introduced at trial. Jackson bases his contention on Rule 1002 of the Federal Rules of Evidence which provides:

> "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by act of Congress."

Jackson raises this objection for the first time after trial. His failure to object to the presentation of this testimony at the time it was elicited serves to waive any objection he has to that testimony. *Long Island Rail Road Company v. United States,* 307 F.Supp. 988, 994 (E.D.N.Y.1969). Nonetheless, Beneficial elicited testimony from Jackson that the financial statements which Jackson executed for the purpose of obtaining loans from HFC, Beneficial, and Avco failed to show Jackson's outstanding loan to United Virginia Bank.

■ Beneficial brings this action pursuant to 11 U.S.C. § 523(a)(2)(B) which provides that

> A discharge under section 727 ... of this title does not discharge an individual debtor from any debt ... for obtaining money, property, services, or an extension, renewal, or refinance of credit, by ... use of a statement in writing—(i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and (iv) that the debt-

or caused to be made or published with intent to deceive .... 

Courts have derived from this section a five part test to clarify these elements. A plaintiff in a dischargeability proceeding must show

> (a) that the debtor made false representations; (b) that at the time of making them, he knew that they were false; (c) that he made them with the intention and purpose of deceiving the creditor; (d) that the creditor relied on such representations; and (e) that the creditor sustained the alleged loss and damage as the proximate result of the representations' having been made.

*In re Krulik,* 6 B.R. 443, 448 (Bkrtcy.M.D. Tenn.1980); *see also Sweet v. Ritter Finance Company,* 263 F.Supp. 540 (D.C.W.D. Va.1967). The plaintiff faces a heavy burden in this action. He must prove each of these elements by clear and convincing evidence. *Brown v. Buchanan,* 419 F.Supp. 199, 202 (E.D.Va.1975). Absent proof of each of these elements this Court is precluded from making a determination that this debt is nondischargeable.

Beneficial relies heavily on the three C's test in which it claims decisions whether to grant loans are based upon a loan applicant's character, his collateral, and his capacity to repay. Beneficial contends no other factors are relevant in the decision whether to extend a loan. In the instant case, Duffy admitted Jackson's character was unquestioned and was a positive factor in Beneficial's decision to extend him the loan. Duffy also stated Jackson met the collateral requirement.

■ In determining the debtor's capacity to repay, Beneficial claims it relied upon the financial statement which he executed. Under questioning Duffy admitted that the financial statement was facially inaccurate because the total amount of Jackson's outstanding indebtedness was shown on the statement to be substantially less than the sum of the individual loans shown on that statement. Duffy explained these inaccuracies by stating that a debtor's total out-

standing indebtedness was of no concern and that the only important figures were those indicating the loan applicant's monthly payments to creditors. The financial statement was facially erroneous and the creditor is charged with knowledge of its contents. It is this Court's opinion that the lender has a duty to obtain a correct financial statement that it can depend on if it desires at a later time to use said statement as a basis for determining nondischargeability. *In re Dye,* 330 F.Supp. 895, 897 (D.W. D.La.1971). Being charged with notice of this error this Court cannot find that Beneficial reasonably relied on the debtor's financial statement when it extended the loan. A creditor may not claim to rely on a portion of a financial statement when extending a loan to an applicant when it is charged with knowledge of the falsity of the statement.

Therefore, in the instant case the financial statement was facially incorrect and Beneficial is charged with knowledge of this error. Moreover, this Court finds unbelievable Beneficial's assertion that capacity to repay is so important in the decision making process that a loan applicant's total outstanding debt is irrelevant.[2] In light of the above this Court cannot find clear and convincing evidence supporting Beneficial's claim that it reasonably relied on the debtor's financial statement.

An appropriate Order will issue.

---

**2.** If this statement is correct then Beneficial would be willing to make loans to debtors who, although possibly heavily in debt, have low monthly cash outlay because some of those debts are not monthly installment payments, either because the debt reduction is on a less frequent basis or the obligation is a demand note on which no demand has been made or its stated maturity has not occurred. Because of the cash monthly outlay being made they would meet the test of capability of payment.