**Bruce E. HENLEY, Plaintiff,**

v.

**LOKEY OLDSMOBILE–COUNTRYSIDE, INC. a corporation f/k/a Countryside Oldsmobile, Inc., a corporation, Defendant.**

No. 91–511–CIV–T–3A17.

United States District Court, M.D. Florida, Tampa Division.

Feb. 26, 1993.

See also 817 F.Supp. 938.

Paul Nelson, Law Office of Paul Nelson, Kimberly J. Lee, Paul A. Nelson, P.A., Gregory Joseph Blackburn, Nelson & Associates, Tampa, FL, for plaintiff.

William C. Owen, Loula Moore Fuller, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, FL, for defendant.

## ORDER ON MOTION TO STRIKE

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant Lokey Oldsmobile's Motion to Strike Plaintiff's demand for jury trial and request for attorney's fees as set forth in Count I of Plaintiff's Fourth Amended Complaint.

### Findings of Fact

This action arose under the Employment Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1001 et seq. Plaintiff Henley was seriously injured on May 28, 1989 while an employee at Mossy–Kelly Oldsmobile, Inc. (hereinafter Mossy Kelly). Mossy Kelly's employee insurance plan was provided by Adjustco and FADIBT in compliance with ERISA. Plaintiff Henley was covered under this plan at the time of his accident.

In June 1989, Defendant Lokey Oldsmobile bought out Mossy Kelly through an asset purchase agreement acquiring the assets and employees of Mossy Kelly. Lokey Oldsmobile maintained coverage under the Adjustco and FADIBT plan until July 31, 1989. Plaintiff Henley was paid benefits under the plan during this period of recovery and absence from work. However, on July 31, 1989, when Lokey Oldsmobile terminated coverage with Adjustco and FADIBT Plaintiff Henley's reimbursement of medical expenses under the Adjustco and FADIBT plan ceased. Lokey Oldsmobile never enrolled Plaintiff Henley for benefits under their new self-insured ERISA plan administered by Marcotte Administrators. As a consequence, Plaintiff Henley was left without employee health benefits and subsequently filed a Fourth Amended Complaint against Lokey Oldsmobile alleging negligence.

### Motion to Strike Plaintiff's Demand for Jury Trial

Defendant Lokey Oldsmobile correctly states in its motion that this Court has proper jurisdiction in this matter pursuant to ERISA's pre-emption clause as it pertains to state tort law. (Order of Court dated November 16, 1992).

In *Calamia v. Spivey*, 632 F.2d 1235 (5th Cir.1980), the court held that ERISA does not entitle Plaintiff to a jury trial. The mere fact that Plaintiff may be entitled to monetary damages does not grant him the right to a jury trial. *Calamia*, 632 F.2d at 1236–37. Since *Calamia*, the Eleventh Circuit has consistently held that ERISA does not entitle the Plaintiff to a jury trial. *Howard v. Parisian*, 807 F.2d 1560, 1567 (11th Cir.1986); *Chilton v. Savannah Foods and Industries, Inc.*, 814 F.2d 620, 623 (11th Cir.1986). *Chilton* exemplified this view when it succinctly stated:

> Because *Calamia* is binding precedent, the law of this circuit is settled: Chilton was not entitled to a jury trial. *Chilton*, 814 F.2d at 623.

Similarly, in the case at hand, *Calamia* is viewed as binding precedent, and Plaintiff Henley is not entitled to a jury trial.

### Defendant's Motion to Strike Plaintiff's Request for Attorney Fees

■ In light of the fact that this claim is based on ERISA, this Court need not consider whether the Plaintiff is entitled to an award of attorneys' fees under Florida negligence law. Rather, this Court must consider 29 U.S.C. 1132(g)(1) which provides in pertinent part that:

> In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party. 29 U.S.C. 1132(g)(1).

Clearly, an award of attorney's fees in an ERISA action is discretionary. *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir.1980); *Nachwalter v. Christie*, 805 F.2d 956 (11th Cir.1986). In exercising this discretion the district court should consider the following factors set forth in *Bowen:*

1. the degree of the opposing parties' culpability or bad faith;
2. the ability of the opposing party to satisfy an award of attorneys' fees;
3. whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;
4. whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve significant legal questions regarding ERISA itself; and
5. the relative merits of the parties' position. *Bowen*, 624 F.2d at 1266.

No one of these factors is necessarily decisive and some may be inappropriate in certain circumstances. *Id.* However, together these factors "are the nuclei of concerns that a court should address in applying section 502(g)." *Id.*

■ Furthermore, a district court should take into consideration the underlying policy of ERISA in determining whether an award of attorneys' fees is appropriate. *Nachwalter*, 805 F.2d at 962. ERISA's essential remedial purpose is to protect beneficiaries of private pension plans by securing their rights under the employee benefit plans. *Id.* In the case at hand, Plaintiff Henley alleges in Count I of his Fourth Amended Complaint that the Defendant Lokey Oldsmobile breached a duty of care and diligence by failing to ensure that employee benefits were afforded to him. Thus, Plaintiff Henley is attempting to assert his right to be included in an employee benefit plan. Therefore, at this stage in the litigation, this Court cannot deny Plaintiff Henley the possible right to attorneys' fees under 29 U.S.C. § 1332(g)(1).

**ORDERED** that Defendant's Motion to Strike Plaintiff's demand for jury trial be **granted.**

**ORDERED** that Defendant's Motion to Strike Plaintiff's request for attorneys' fees be **denied.**

**DONE** and **ORDERED.**