**AT & T SICKNESS AND ACCIDENT DISABILITY BENEFIT PLAN, et al., Plaintiffs,**

**v.**

**Glenn J. BRICKER, Defendant.**

**No. 93–817–Civ–J–10.**

United States District Court, M.D. Florida, Jacksonville Division.

Sept. 23, 1993.

**434**

Marc M. Mayo, Coffman, Coleman, Andrews & Grogan, Jacksonville, FL, for plaintiffs.

Robert F. Bethea, Jacksonville, FL, for defendant.

### ORDER

SNYDER, United States Magistrate Judge.

This cause is before the Court on Defendants [sic] AT & T Sickness and Disability Plan and American Telephone and Telegraph Company's Motion to Strike Jury Trial Demand and Affirmative Defenses (Doc. # 4), filed on June 30, 1993 (hereinafter Motion to Strike). The grounds for the Motion to Strike are that Defendant Glenn J. Bricker is not entitled to a trial by jury on any of the claims raised in the Complaint (Doc. # 1), filed on May 28, 1993, and that the affirmative defenses raised in Defendant Bricker's Answer to Plaintiffs' Complaint (Doc. # 3), filed on June 28, 1993, are insufficient as a matter of law. Defendant's Response to Plaintiffs' Motion to Strike Jury Trial Demand and Affirmative Defenses (Doc. # 5) was filed on July 9, 1993 (hereinafter Defendant's Response).

### Background

This action was filed by American Telephone and Telegraph Company (AT & T) and AT & T Sickness and Disability Benefit Plan (hereinafter the Plan). The Plan allegedly is an employee welfare benefit plan as defined in 29 U.S.C. § 1002(1), and is subject to the reporting, disclosure and fiduciary duties imposed by the Employee Retirement Income Security Act of 1974 (ERISA). According to the Complaint, the Plan was established " 'to provide for the payment of definite amounts to its employees when they are disabled by accident or sickness.' " Complaint at 2 (quoting the terms of the Plan).

The Plaintiffs contend Defendant Glenn J. Bricker began employment with AT & T Universal Card Services Corp. (hereinafter Universal), a wholly owned subsidiary of AT & T, in Jacksonville, Florida, on or about December 11, 1989, and became an eligible beneficiary of the Plan six months thereafter. On or about September 14, 1990, Bricker allegedly injured his back on the job while lifting or moving boxes. He did not return to work after the accident, and remained unemployed at the time this suit was filed. As a result of this injury, Bricker received work loss benefits from Universal's workers' compensation insurance carrier as well as disability benefits from the Plan from January 1991 to May 1993.

The gravamen of the Complaint is that Bricker was not entitled to full disability benefits under the Plan, and should have received only the difference between his full pay (or half his pay)[1] and the benefits he received pursuant to the workers' compensation program. It is alleged that, from Janu-

---

1. Under the Plan, Bricker was entitled to accident disability benefits equivalent to his full pay for up to thirteen weeks, and half his pay thereaf-

ter for as long as he remained totally disabled. Complaint at 3.

ary 1991 to March 1992, Bricker received overpayments on his monthly disability benefits totalling $46,137.52. This action was brought pursuant to § 502(a)(3) of ERISA, federal common law and Florida common law to recover, among other things, an amount equal to the amount of the overpayments.

### Jury Trial Demand

■ Plaintiffs contend they seek equitable remedies only, and that, consequently, Defendant has no right to a jury trial. Motion to Strike at 2. Defendant responds that the entitlement to a jury trial is contingent upon the relief sought, and that, in this case, Plaintiffs seek what is in essence a legal remedy—namely, a money judgment. Defendant's Response at 2–3. With respect to Count I of the Complaint, Plaintiffs are clearly correct that it states a claim for equitable relief. Section 502(a)(3) of ERISA, codified at 29 U.S.C. § 1132(a)(3), authorizes only relief of an equitable nature. *First Nat'l Life Ins. Co. v. Sunshine–Jr. Food Stores, Inc.*, 960 F.2d 1546, 1553 (11th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1045, 122 L.Ed.2d 354 (1993). Thus, Defendant's argument that Count I, admittedly brought pursuant to § 1132(a)(3), is actually a claim for a legal remedy is a *non sequitur.*

Count I instead appears to assert " '[a]n equitable action to recover benefits erroneously paid' " which the Eleventh Circuit has held to be authorized by § 1132(a)(3). *Blue Cross and Blue Shield of Alabama v. Weitz,* 913 F.2d 1544, 1549 (11th Cir.1990).[2] That being so, Defendant is not entitled to a jury trial on it. *See Calamia v. Spivey,* 632 F.2d 1235, 1237 (5th Cir.1980)[3] (stating that litigant entitled to jury trial when seeking to enforce newly-created statutory rights only when they are of a legal, rather than equitable, nature); *see also Blake v. Unionmutual Stock Life Ins. Co.,* 906 F.2d 1525, 1526 (11th Cir.1990) (per curiam) (holding there is no right to a jury trial on a claim brought pursuant to 29 U.S.C. § 1132(a)(1)(B)).

Therefore, his demand for a jury trial on Count I will be stricken.

■ Count II appears to state a claim under federal common law for restitution. Restitution, of course, is an equitable remedy. *See First Nat'l Life Ins. Co.,* 960 F.2d at 1553. Therefore, no right to a jury trial exists in an action for restitution. *See Securities & Exchange Comm'n v. Rind,* 991 F.2d 1486, 1493 (9th Cir.1993), *petition for cert. filed,* 62 U.S.L.W. 3061 (U.S., July 16, 1993); *Crews v. Central States, Southeast and Southwest Areas Pension Fund,* 788 F.2d 332, 338 (6th Cir.1986). Accordingly, Defendant's demand for a trial by jury on Count II will be stricken.

■ Count III states a claim for restitution under Florida law, which also deems that remedy an equitable one. *See Equilease Corporation v. Hentz,* 634 F.2d 850, 853, 854 n. 5 (5th Cir.1981) (applying Florida law). Hence, no right to a jury trial attaches to it, and Defendant's demand for a jury trial on Count III will be stricken.

### Affirmative Defenses

■ With respect to Defendant's affirmative defenses of contributory negligence and comparative negligence, Plaintiffs contend they are "generally affirmative defenses directed to claims of negligence, but no negligence claim is asserted in the Complaint." Motion to Strike at 2. Defendant responds that "the negligence of the Plaintiffs forms the entire basis for this action." Defendant's Response at 5.

Plaintiffs could not, as a general proposition, bring suit against another for damages resulting from their own negligence. Hence, negligence cannot be the basis for the instant action. Rather, as outlined above, it is essentially one for restitution of funds alleged to have been wrongfully paid to Defendant. The operative issue, therefore, is whether the

---

**2.** The fact that the *Weitz* case involved benefits erroneously paid to a medical provider under a Medical Expense Plan, rather than directly to the employee as is the case here, does not, in the Court's view, distinguish it from the instant case in any meaningful way.

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

funds are being held by Defendant wrongfully, not whether he obtained them as a result of someone's negligence. *See* Restatement of Restitution § 59 (1937) (stating "[a] person who has conferred a benefit upon another by mistake is not precluded from maintaining an action for restitution by the fact that the mistake was due to his lack of care"). Accordingly, the affirmative defenses of comparative and contributory negligence are insufficient as a matter of law, and must be stricken.

 Finally, Plaintiffs challenge the third affirmative defense of estoppel[4] on the grounds the Complaint does not seek to recover any workers' compensation benefits paid to Defendant, ERISA preempts Florida law with regard to the payment of benefits under the plan at issue, and that the defense of estoppel is insufficiently pled as a matter of federal common law. Motion to Strike at 2–3. The Court agrees. The Complaint specifically states "[t]his action does not seek the recovery of workers' compensation benefits paid to Bricker." Complaint at 5. Therefore, a defense of estoppel against an action which is not even asserted is immaterial, impertinent, and insufficient as a matter of law. In addition, "ERISA preempts all state common law claims relating to employee benefit plans." *Novak v. Irwin Yacht & Marine Corp.*, 986 F.2d 468, 472 (11th Cir.1993). Hence, a defense of estoppel based on the law of Florida appears impertinent to Plaintiffs' Complaint to the extent it states claims under ERISA. Finally, insofar as the third affirmative defense purports to assert the federal common law doctrine of equitable estoppel, it is insufficiently pled as a matter of law. *See National Companies Health Benefit Plan v. St. Joseph's Hospital of Atlanta, Inc.*, 929 F.2d 1558, 1572 (11th Cir. 1991). Thus, the third affirmative defense will also be stricken.

4. Defendant's Third Affirmative Defense reads, in pertinent part, as follows:

Plaintiffs are estopped from bring[ing] this action against him and that pursuant to Florida law, any overpayment of workers' compensation benefits, or similar benefits made by unilateral mistake of the employer in favor of the injured worker is considered gratuitous; that any overpayment of benefits as alleged by the

In accordance with the foregoing, it is hereby **ORDERED:** the Motion to Strike (Doc. # 4) is **GRANTED,** and the following are hereby **STRICKEN** from Defendant's Answer:

1. The last sentence of the wherefore clauses of Counts I, II, and III containing Defendant's demands for a jury trial;

2. The First, Second and Third Affirmative Defenses raised in paragraphs 35, 36 and 37 and their accompanying headings.

Plaintiffs was made pursuant to a unilateral mistake of fact on the Plaintiffs' part, or the part of their workers' compensation carrier; and therefore the Plaintiffs are estopped from bringing this action against the Defendant to recover any benefits overpaid as a result of the Plaintiffs' unilateral mistake of fact.

Defendant Bricker's Answer to Plaintiffs' Complaint (Doc. # 3), filed on June 28, 1993, ¶ 37.