**Terrill R. JACOBS, Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD OF IOWA, Defendant.**

**No. 93–1387–CIV–T–17C.**

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 1, 1993.

Billy Ray Ready, Waddell & Ready, P.A., Auburndale, FL, for plaintiff.

W. Edward McIntyre, Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, FL, for defendant.

### ORDER GRANTING MOTION TO STRIKE DEMAND FOR JURY TRIAL

KOVACHEVICH, District Judge.

This cause of action is before the Court on Defendant's, BLUE CROSS AND BLUE SHIELD OF IOWA, Motion to Strike Plaintiff's demand for a jury trial.

### Findings of Fact

Plaintiff filed a two-count complaint seeking recovery of benefits allegedly due under a special benefits plan pursuant to 29 U.S.C. § 1132. This action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff demanded a jury trial in Plaintiff's original complaint.

This Court has proper jurisdiction in this matter pursuant to ERISA's pre-emption clause as in pertains to state tort law.

### Background

Plaintiff, as an employee of a company which provided an employee welfare benefit plan in the form of group health insurance, was allegedly denied insurance coverage by the Defendant, BLUE CROSS AND BLUE SHIELD OF IOWA. Plaintiff maintains that the health insurance plan is within the meaning of ERISA, 29 U.S.C. Sec. 1002(i), 29 U.S.C. Sec. 1167(1). Plaintiff alleges that when a claim was made to Defendant for the benefits of the health insurance plan, Defendant denied the claim and refused to pay Plaintiff's medical bills. Plaintiff asserts a breach of contract action against Defendant. Plaintiff further asserts that Defendant is equitably estopped from denying its obligation to pay the medical bills and costs caused by Defendant's knowing misrepresentation of the material facts surrounding the insurance coverage to Plaintiff. Plaintiff made a demand for a jury trial.

### Motion to Strike

It is well established in this circuit that a Plaintiff asserting a cause of action which is governed by ERISA is not entitled to a jury trial. "[C]laims on medical insurance plans issued pursuant to ERISA are equitable in nature ..." *Blake v. Unionmutual Stock Life Ins. Co. of America*, 906 F.2d 1525, 1526 (11th Cir.1990). *But Cf. Gangitano v. NN Investors Life Ins. Co.*, 733 F.Supp. 342 (S.D.Fla.1990) (right to jury trial exists in § 1132(a)(1)(B) action).

In *Calamia v. Spivey*, 632 F.2d 1235 (5th Cir.1980), the court held that a claim arising under ERISA does not entitle Plaintiff to a jury trial. This circuit has consistently applied *Calamia*, to hold that a plaintiff is not entitled to a jury trial in an action under ERISA. *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1567 (11th Cir.1987); *Chilton v. Savannah Foods and Industries, Inc.*, 814 F.2d 620, 623 (11th Cir.1987). *Chilton* most succinctly stated:

> Because *Calamia* is binding precedent, the law of this circuit is settled: Chilton was not entitled to a jury trial. *Chilton*, 814 F.2d at 623.

Most recently, this Court held in *Henley v. Lokey Oldsmobile–Countryside, Inc.*, 817 F.Supp. 942 (M.D.Fla.1993), that *Calamia* is binding precedent and plaintiff is not entitle to a jury trial under ERISA. *Henley*, 817 F.Supp. at 944. Similarly, in the case at bar *Calamia* is binding precedent that this Court is obliged to follow, and Plaintiff is not entitled to a jury trial.

**ORDERED** that Defendant's, BLUE CROSS AND BLUE SHIELD OF IOWA, Motion to Strike Plaintiff's demand for jury trial be **granted.**

**DONE AND ORDERED.**