COX, Circuit Judge, concurring in part and dissenting in part:

I dissent from that part of the court's opinion that holds that an action for recovery of benefits under ERISA § 502(a)(1)(B) cannot be maintained solely against an ERISA plan as an entity. I join the remainder of the court's opinion, and, because the holding from which I dissent is an alternative holding, I concur in the result reached by the court.

In my view, ERISA allows an action to recover benefits to be brought solely against an ERISA plan as a entity, with appropriate relief including a money judgment against the plan. The statute clearly states that "[a]n employee benefit plan may sue or be sued under this subchapter as an entity." 29 U.S.C. § 1132(d)(1). The statute then describes the mechanics of suing the plan. See id. ("Service of summons, subpoena, or other legal process of a court upon a trustee or an administrator of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan."). And finally, the statute provides that "[a]ny money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity. . . ." 29 U.S.C. § 1132(d)(2). Although in the form of a money judgment, this relief is equitable relief. See Calamia v. Spivey, 632 F.2d 1235, 1236-37 (5th Cir. Unit A 1980). In Calamia, the court explained that "[s]ince Congress has the power to entrust enforcement of new rights to courts sitting as in equity, the first step in determining the legal or equitable nature of an action such as [a claim for benefits] is to examine the intent of Congress." Id. at 1237 (citation omitted). Finding congressional intent to be unclear, the court looked at how similar

1

actions were treated before the merger of law and equity. See id. In so doing, the court concluded that--because the application of the arbitrary and capricious standard has traditionally been performed by judges--an action to recover benefits is equitable in nature. See id. See also Wardle v. Central States, et al., 627 F.2d 820, 828-30 (7th Cir. 1980).

Although our cases have not squarely addressed the issue, we have allowed actions asserting claims for benefits under ERISA to proceed solely against ERISA plans. See Springer v. Wal-Mart Associates' Group Health Plan, 908 F.2d 897 (11th Cir. 1990); Guy v. Southeastern Iron Workers' Welfare Fund, 877 F.2d 37 (11th Cir. 1989). Decisions from other circuits have explicitly held that claimants may sue only their ERISA plan. See Gelardi v. Pertec Computer Corp., 761 F.2d 1323, 1324 (9th Cir. 1985) ("ERISA permits suits to recover benefits only against the Plan as an entity. . . ."); and Lee v. Burkhart, 991 F.2d 1004, 1009 (2d Cir. 1993) (quoting Gelardi).

In short, the majority's holding that one seeking to recover benefits under an ERISA plan cannot proceed solely against his plan runs counter to the language of ERISA and is not supported by our prior decisions. We have allowed such actions to proceed against both the plan and the plan administrator, without explicitly addressing the issue of who is the proper defendant. See Marecek v. BellSouth Telecomm., 49 F.3d 702 (11th Cir. 1995). We also have allowed such actions to proceed against the administrator alone--again without explicitly addressing the issue. See Godfrey v. BellSouth Telecomm., 89 F.3d 755 (11th Cir. 1996); Kirwan v. Marriott, 10 F.3d 784

(11th Cir. 1994); Jett v. Blue Cross and Blue Shield of Alabama, 890 F.2d 1137 (11th Cir. 1989).  But whether an action for benefits may be maintained solely against the administrator, or against both the plan and the administrator, are not issues presented by this case.