### Lisa BONE and Marshall Bone, Plaintiffs,

v.

### ASSOCIATION MANAGEMENT SERVICES, INC., Administrator of Alabama Roadbuilder's Association Health Care Plan, an Alabama Corporation, Defendant.

### Civ. A. No. J85–0408(B).

United States District Court, S.D. Mississippi, Jackson Division.

April 3, 1986.

John M. Mooney, Jr. and B. Ruth Johnson, Jackson, Miss., for plaintiffs.

John M. Loper and Christopher A. Shapley, Jackson, Miss., for defendant.

### MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

Plaintiffs filed this action for actual and punitive damages alleging that Defendant wrongfully refused to pay Plaintiffs' claims for medical benefits. The Defendant, an Alabama corporation, is the admin-

istrator of the Alabama Road Builder's Association Health Benefit Group Trust (Trust). The Trust was established by the Association to serve as the vehicle through which members of the Association could establish self-insured employee welfare benefit plans to provide benefits for their employees. At all times pertinent to this action, Plaintiff, Marshall Bone, was an employee of Gilchrist Machinery Company of Jackson, Mississippi, which participated in the Trust.

On August 2, 1984, Plaintiff, Lisa Bone, underwent surgery and subsequently filed a claim for $7,198.19 for medical benefits under the Trust. Her claim for full reimbursement for medical expenses was denied by Defendant as Administrator of the Trust and Plaintiffs filed this suit in the Circuit Court of Rankin County, Mississippi, against the Defendant for actual and punitive damages. Defendant removed this action to federal court as a federal question under the provisions of the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001, et seq. Also, complete diversity of citizenship exists between the Plaintiffs and the Defendant.

In the Motion now before this Court, Defendant contends that the Plaintiffs' claims for punitive and extra-contractual damages should be dismissed with prejudice because such claims are preempted under the provisions of ERISA and because ERISA does not provide for recovery of such damages.

The Trust, which is administered by the Defendant, is funded by contributions from members of the Alabama Road Builders Association (Association) and their employees. Processing of all claims for employee welfare benefits is governed by the Declaration of the Trust. Defendant, as Administrator, processes and pays all claims for medical benefits. The Trust is insured by Lloyds of London under a "stop-loss" policy. Under the provisions of that policy, the Trust is reimbursed by Lloyds to the extent that a claim exceeds $15,000. The stop-loss

insurance protecting the Trust is not group health insurance providing insurance to individuals. Rather, it is insurance obtained to protect self-insurers from risks beyond those upon which the premiums it charges are based. See Cuttle v. Federal Employees Metal Trades Council, 623 F.Supp. 1154 (D. Maine 1985).

## LAW

In their Complaint, Plaintiffs seek recovery of extra-contractual and punitive damages under state law for the alleged bad-faith refusal of the Defendant to pay medical benefits under the Alabama Road Builders Association Health Care Plan (Plan). The affidavit submitted by Defendant in support of this Motion states that the Plan was established pursuant to the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq. Plaintiffs have not disputed that the Plan under which the claim was made is an employee welfare benefit plan as that term is defined in ERISA. Plaintiffs do contend, however, that Mississippi law is not pre-empted by the provisions of ERISA and/or that extra-contractual and punitive damages may be recovered under the applicable provisions of ERISA. The issues thus presented for decision by this Court are whether Plaintiffs' state law claims for extra-contractual and punitive damages based upon Defendant's alleged "bad faith" refusal to pay medical benefits are pre-empted under the provisions of ERISA and, if so, whether Plaintiffs may recover punitive and extra-contractual damages under the provisions of ERISA.

## PRE–EMPTION OF STATE LAW BY ERISA

The determination of whether state law has been pre-empted by ERISA is to be made by analyzing three statutory provisions contained in Section 514 of ERISA. 29 U.S.C. § 1144. See Children's Hospital v. Whitcomb, 778 F.2d 239 (5th Cir.1985.)[1]

---

**1.** Plaintiffs rely on Section 514(b)(6), 29 U.S.C. § 1144(b)(6) for the proposition that the Plan in

question, a multiple employer welfare arrangement, is exempt from the pre-emption provi-

The first of these provisions is Sub-Section 514(a), 29 U.S.C. § 1144(a), which states that the provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" under the statute. Subsection 514(b)(2)(A), however, states as follows:

> Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking or securities.

29 U.S.C. § 1144(b)(2)(A). Subparagraph (B) provides that neither an employee benefit plan nor a trust established under such a plan "shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies or investment companies." Section 514(b)(2)(B), 29 U.S.C. § 1144(b)(2)(B).

The conflict in these related provisions is readily apparent. While Section 514(a) has been construed as broadly pre-empting state laws that relate to employee benefit plans, see *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), this pre-emption is substantially qualified by the "insurance savings clause," contained in Section 514(b)(2)(A). This complex statutory scheme is further complicated by the exception to the savings clause found in Section 514(b)(2)(B), the so-called "deemer clause" which states, as noted above, that neither an employee benefit plan nor a trust established under such plan "shall be deemed to be an insurance company or other insurer...."

In construing and harmonizing the complex and apparently conflicting pre-emption provisions of ERISA, it has been held that insured plans are saved from pre-emption by the provisions of Section 514(b)(2)(A) while uninsured or self-insured plans are

exempt from state regulation by reason of the "deemer clause." *See Metropolitan Life Insurance Company v. Massachusetts*, —— U.S. ——, ——, 105 S.Ct. 2380, 2393, 85 L.Ed.2d 728, 745 (1985); *Childrens Hospital v. Whitcomb, supra*, 778 F.2d at 741; *Dedeaux v. Pilot Life Insurance Company*, 770 F.2d 1311, 1314 (5th Cir.1985). In the instant case, Plaintiffs attempt to bring the Plan in question within the savings clause by characterizing the Plan as "partially insured" due to the existence of the stop-loss policy. As noted by Defendant, though, this insurance policy insures only the Plan and not the Plaintiffs or any other individual participants in the Plan.

Due to the fact that insurance policy in question insures the Plan itself, and not individual participants, Plaintiffs' reliance on *Michigan United Food and Commercial Workers Union v. Baerwaldt*, 767 F.2d 308 (6th Cir.1985), is misplaced. Under the provisions of the partially insured plan at issue in *Michigan United Food*, the plan paid all health and welfare benefits up to an agreed amount and after that liability limit was reached, the insurer was liable to the individual participants for payment of additional benefits. The Court therefore held that the insurance policies in question were subject to state laws regulating insurance companies under the provisions of the ERISA savings clause.

■ The insurer in the instant case, Lloyds of London, is not liable for payment of any benefits to which Plaintiffs might be entitled and is not a party to this action. Plaintiffs' claims in this action are against the Plan itself and in no way involve the provisions of the stop-loss policy in question. Since this is an action against an employee benefit plan, the provisions of ERISA pre-empt state law notwithstanding the savings clause. This Court therefore holds that the Plaintiffs' common law causes of action for Defendants' failure to

sions of ERISA. Plaintiff has not cited, and this Court cannot find, any authority in support of

this novel contention.

pay health benefits are pre-empted under ERISA.

## RECOVERY OF PUNITIVE AND EX-TRA–CONTRACTUAL DAMAGES UNDER SECTION 502(A)(3) OF ERISA

Having determined that Plaintiffs' state law claims for punitive and extra-contractual damages have been pre-empted under the provisions of ERISA, this Court must further determine whether such damages may be recovered under the applicable provisions of ERISA. Plaintiffs' contend that a private cause of action for punitive and extra-contractual damages may be maintained in this case under Section 502(a)(3), 29 U.S.C. § 1132(a)(3) which authorizes a civil action to be brought under ERISA "by a participant, beneficiary or fiduciary (a) enjoining any act or practice which violates any provision of this subchapter or the terms of the plan or (b) to obtain other appropriate equitable relief...."

The only case cited by Plaintiffs in support of their argument that punitive damages may be recovered as "other appropriate relief" under ERISA is *Winterrowd v. David Freedman and Co., Inc.*, 724 F.2d 823 (9th Cir.1984). That decision is factually distinguishable from the instant case in that it dealt with the recovery of punitive damages on behalf of a pension fund pursuant to the provisions of Section 502(g), 29 U.S.C. § 1132(g). In addition, the precedential value of *Winterrowd* was severely undermined by the Supreme Court's decision in *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. ——, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). While the Supreme Court did not directly decide whether an individual claimant may recover punitive or extra-contractual damages in a claim under § 502(a)(3) of ERISA, it did hold that a beneficiary does not have a private cause of action under § 409(a) of ERISA for extra-contractual damages caused by improper processing of benefit claims. *Id.*, 473 U.S. at ——, 105 S.Ct. at 3093, 87 L.Ed.2d at 107. The rationale used by the majority in *Russell* does not support the conclusion that the "other ap-

propriate equitable relief" authorized by § 502(a)(3) should be construed to allow recovery of punitive damage in an action by an aggrieved beneficiary to recover benefits.

As noted in *Russell*, a participant or beneficiary who is denied benefits under an ERISA plan has a panoply of remedial devices available under § 502. The aggrieved party may file an action pursuant to § 502(a)(1)(B) to recover accrued benefits, to get declaratory relief and to enjoin the plan administrator from improperly refusing to pay benefits in the future. *See*, 473 U.S. at ——, 105 S.Ct. at 3092, 87 L.Ed.2d at 106. Attorney's fees may also be recovered in such actions. *See* § 502(g), 29 U.S.C. § 1132(g)(1). Thus, while the statute provides numerous express remedies, "there is a stark absence—in the statute itself and in its legislative history—of any reference to an intention to authorize the recovery of extra-contractual damages." 473 U.S. at ——, 105 S.Ct. at 3093, 87 L.Ed.2d at 107. *See also, Dedeaux, supra* at 1313, n. 3 (ERISA neither expressly nor implicitly authorizes an award of exemplary damages for breach of contract, breach of fiduciary duty or fraud).

■ In accordance with the above, this Court holds that Plaintiff's state law claims are pre-empted by ERISA and that punitive and extra-contractual damages may not be recovered in an action under § 502(a)(3) by a participant or beneficiary to recover benefits due under the terms of an employee benefit plan. Defendant's Motion for Partial Summary Judgment on Plaintiffs' claims for extra-contractual and punitive damages is, therefore, granted.