**James SUBLETT, et al.**

v.

**PREMIER BANCORP SELF FUNDED MEDICAL PLAN.**

Civ. A. No. 87–897–B.

United States District Court, M.D. Louisiana.

Feb. 19, 1988.

Stuart Thomson, Baton Rouge, La., for plaintiffs.

W. Shelby McKenzie, Vicki M. Crochet, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for defendant.

POLOZOLA, District Judge.

This matter is before the court on the motion of the defendant, Premier Bancorp, Inc. ("Premier") for partial summary judgment. No oral argument is required on this motion. For the reasons which follow, the court will grant defendant's motion for partial summary judgment.

The plaintiffs, James Sublett and Melody Sublett, originally filed this suit against Premier in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana seeking recovery of medical benefits under the terms of an employee welfare benefit plan maintained by Premier. Defendant timely removed the action to this court asserting federal question jurisdiction. Defendant contends that plaintiffs' claims for benefits come within the meaning of the provisions of the Employee Retirement Income Security Act of 1975, 29 U.S.C. § 1001 et seq. ("ERISA").

Premier has now filed this motion for partial summary judgment seeking dismissal of the claims of James Sublett; Melody Sublett's claim for mental anguish and extra-contractual damages; and, striking plaintiffs' demand for jury trial.

■ Defendant correctly asserts that James Sublett is neither a participant nor a

beneficiary under both the definitions of the plan sponsored by Premier as well as those under ERISA. Section 1132 of Title 29, as well as applicable case law establishes that only a participant or beneficiary has a claim for benefits under an employee welfare benefit plan. *Jackson v. Sears Roebuck & Co.*, 648 F.2d 225, 227 (5th Cir.1981). The evidence before the court makes it clear that James Sublett does not qualify as either a participant or beneficiary of the Plan.

Rule 17(a) of the Federal Rules of Civil Procedure requires that every action be prosecuted in the name of the real party in interest. Although Melody Sublett has granted James Sublett a power of attorney to act in her behalf, it is clear that Melody Sublett has not been interdicted or otherwise declared incompetent by a court of competent jurisdiction. The record reveals that James and Melody Sublett are divorced. Melody Sublett is named as a plaintiff in this suit. Thus, Melody Sublett is the proper party to pursue this claim. Therefore, defendant's motion to dismiss the claims of James Sublett shall be granted without prejudice to the rights of his former spouse.

■ In paragraph 8 of the complaint, Melody Sublett has alleged a claim for damages for the interest lost on the claim for benefits, mental anguish, and additional expenses incurred as a result of defendant's actions. Additionally, she has alleged that she is entitled to penalties under La.R.S. 22:657 and 658. It is clear that any claims asserted by plaintiff under state law in this case have been preempted by ERISA. *Pilot Life Insurance Company v. Dedeaux*, —— U.S. ——, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The court also finds that Melody Sublett's claims for extra-contractual damages cannot be recovered under the provisions of ERISA. The Supreme Court in *Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), while deciding that ERISA did not allow parties to obtain compensatory damage under Section 1109, left open the issue whether extra-contractual or punitive damages

could be recovered under 29 US.C. § 1132. However, in *Sommers Drug Stores Co. Employees Profit Sharing Trust v. Corrigan Enterprises, Inc.*, 793 F.2d 1456, 1464 (5th Cir.1986) *cert. denied*, —— U.S. ——, 107 S.Ct. 884, 93 L.Ed.2d 837 and —— U.S. ——, 107 S.Ct. 1298, 94 L.Ed.2d 154 (1987), the Court held that such damages were not recoverable under § 1132. *See also Bone v. Association Management Services, Inc.*, 632 F.Supp. 493 (S.D.Miss.1986). Therefore, defendant's motion for partial summary judgment on the claims for mental anguish, interest lost on the claim for benefits, penalties under La.R.S. 22:657, 658 and other additional extra-contractual expenses shall be granted.

■ The final issue raised by defendant's motion is whether plaintiff is entitled to a trial by jury as demanded in her complaint. It is clear that no right to a trial by jury exists under ERISA on an action to recover benefits, or to clarify or enforce rights under an employee welfare benefit plan. *Crews v. Central States, Southeast and Southwest Areas Pension Fund*, 788 F.2d 332, 338 (5th Cir.1986); *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir.1980). Because the court finds that plaintiff's state law claims are preempted by ERISA, plaintiff is not entitled to a trial by jury.

Therefore:

IT IS ORDERED that Premier Bancorp, Inc.'s motion for partial summary judgment dismissing the claims of James Sublett is GRANTED.

IT IS FURTHER ORDERED that Premier Bancorp, Inc.'s motion for partial summary judgment dismissing the claim of Melody Sublett for mental anguish, interest lost on the claim for benefits, penalties under La.R.S. 22:657, 658 and additional extra-contractual expenses is GRANTED.

IT IS FURTHER ORDERED that Premier Bancorp, Inc.'s motion to strike plaintiffs' demand for trial by jury be and it is hereby GRANTED.