**Anna Christine EATON, Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD OF ALABAMA, et al., Defendants.**

Civ. A. No. 87–1356–BH–C.

United States District Court,
S.D. Alabama, S.D.

March 23, 1988.

Jay A. York, Mobile, Ala., for plaintiff.

J. Edward Thornton, Mobile, Ala., for defendants.

## ORDER

HAND, Chief Judge.

This cause is before the Court on defendant's motion to strike claims for damages other than benefits under the employee benefit plan at issue in this litigation. Plaintiff has not responded to the motion as required by this Court's order of January 27, 1988. The Court, therefore, has considered defendant's motion based upon

the record as now constituted. The question presented for decision, and one not addressed as yet in this Circuit, is whether the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, provides a cause of action to a participant of an employee benefit plan for any damages caused by improper processing of benefit claims other than benefits to which he may be entitled under the plan.[1]

The civil enforcement provisions of ERISA carefully set forth six types of civil actions that may be brought to redress violations of the Act. The following remedies are provided for ERISA plan participants or beneficiaries:

A civil action may be brought—

(1) by a participant or beneficiary—

(A) for the relief provided for in subsection (c) of this section, or

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

(3) by a participant, beneficiary, or fiduciary

(A) to enjoin any act or practice which violated any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

(4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 1025(c) of this title. . . .

Section 502(a) of ERISA, 29 U.S.C. § 1132(a).[2]

Section 409 of ERISA, 29 U.S.C. § 1109, states in pertinent part as follows:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. . . .

29 U.S.C. § 1109(a).

■ Thus, under § 502(a)(1), 29 U.S.C. § 1132(a)(1), a participant or beneficiary of an employee benefit plan can bring suit to recover benefits or otherwise clarify his rights under the terms of the plan. Under § 502(a)(2), 29 U.S.C. § 1132(a)(2), he can seek "appropriate relief" under § 409, 29 U.S.C. § 1109. Finally, under § 502(a)(3), 29 U.S.C. § 1132(a)(3), a participant or beneficiary can bring a civil action to enjoin violation of the Act or to obtain "other appropriate equitable relief" to redress the violation or to enforce the terms of the plan or certain statutory provisions.

---

**1.** The complaint in this action was originally filed in the Circuit Court of Mobile County, Alabama and then removed to this Court on December 23, 1987 by defendant Blue Cross and Blue Shield of Alabama (Blue Cross). In the complaint, plaintiff alleges that she is an employee at Mobile County Health Services, Inc. and that Blue Cross provided a group health care plan to Mobile County Mental Health Services, Inc. for the benefit of its employees. Although plaintiff seeks relief under state law for the denial of benefits under the group health plan at issue in this litigation, it is clear and now undisputed that the group health plan is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA). It is equally clear and further undisputed that plaintiff's claims against Blue Cross, as claims relat-

ing to the plan, are governed exclusively by ERISA and that her state law claims are preempted. *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. ——, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. ——, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277 (11th Cir.1987).

**2.** 29 U.S.C. §§ 1132(c) and 1025(c) provide respectively for the liability of an administrator of an employee benefit plan for failure to supply requested information to participants or beneficiaries and for the administrator's responsibility to furnish a participant or beneficiary information concerning his benefit rights, and are not relevant to this action.

In *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), the Supreme Court confronted the question whether a participant in an employee welfare benefit plan bringing suit under § 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2), could recover compensatory or punitive damages for breach of fiduciary duty under § 409, 29 U.S.C. § 1109, in addition to disability benefits due her under the terms of an insured employee benefit plan. The Court held that such damages were not recoverable. First, the Court noted that the language of § 409 indicates Congress' intent that the principal responsibilities of ERISA fiduciaries be to the plan as a whole rather than to the plan's individual participants or beneficiaries. 473 U.S. at 140–42, 105 S.Ct. at 3089–90. Second, the Court noted, in pertinent part, as follows:

> Significantly, the statutory provision explicitly authorizing a beneficiary to bring an action to enforce his rights under the plan—§ 502(a)(1)(B), ...—says nothing about the recovery of extra-contractual damages, or about the possible consequences of delay in the plan administrators' processing of a disputed claim. Thus, there really is nothing at all in the statutory text to support the conclusion that such a delay gives rise to a private right of action for compensatory or punitive relief. And the entire text of § 409 persuades us that Congress did not intend that section to authorize any relief except for the plan itself. In short, ... we do not find in § 409 express authority for an award of extra-contractual damages to a beneficiary.

473 U.S. at 144, 105 S.Ct. at 3091. Third, the Court found no evidence in the legislative history of ERISA or in the structure of ERISA's civil enforcement provisions to indicate that Congress intended to provide legal, as opposed to equitable, relief to plan participants and beneficiaries. 473 U.S. at 146, 105 S.Ct. at 3093. Finally, the carefully integrated and interrelated civil enforcement provisions of ERISA led the Court to conclude that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly. 473 U.S. at 146, 105 S.Ct. at 3093. Thus, the Court reversed the judgment of the Court of Appeals and held that ERISA does not provide a cause of action for damages caused by improper or untimely processing of benefit claims beyond the benefits due under the terms of the plan. 473 U.S. at 148, 105 S.Ct. at 3094.

Although the holding in *Russell* was limited to actions under § 502(a)(2) of ERISA, the same rationale applies to actions under § 502(a)(3). The only arguable provision in § 502(a)(3) that could support an award of compensatory or punitive damages in addition to plan benefits is the authorization for "other appropriate equitable relief," an authorization almost identical to that provided in § 409(a) which was construed by the *Russell* Court. Thus, in *Sokol v. Bernstein*, 803 F.2d 532 (9th Cir.1986), a widow sought damages for emotional distress allegedly caused by the premature payment of death benefits to her under her former husband's pension plan in contravention of the plan's terms. The court held she could not recover such damages under § 502(a)(3) of ERISA, stating as follows:

> It is important to note that, mechanically applied to the present case, *Russell* is not dispositive; the district court herein relied on § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), rather than on § 409. However, a textural exegesis of the *Russell* opinion, combined with a careful examination of the statute's structure and legislative history, compels the conclusion that damages for emotional distress are unavailable under § 502(a)(3) as well as under § 409.

803 F.2d at 534 [footnotes omitted]. *See also Kleinhans v. Lisle Savings Profit Sharing Trust*, 810 F.2d 618, 627 (7th Cir. 1987) (punitive damages are not recoverable under § 502(a)(3) of ERISA); *Varhola v. Doe*, 820 F.2d 809, 817 (6th Cir.1987) (punitive damages are not recoverable under § 502(a)(3) of ERISA); *Hancock v. Montgomery Ward Long–Term Disability Trust*, 787 F.2d 1302, 1306–07 (9th Cir. 1986) (§ 502(a)(3) of ERISA does not authorize the imposition of extra-contractual damages against a fiduciary); *Sommers*

*Drugstores Company Profit Sharing Trust v. Corrigan Enterprises, Inc.,* 793 F.2d 1456, 1462–64 (5th Cir.1986) (neither § 409(a) nor § 502(a)(3) of ERISA permit a participant or beneficiary to recover punitive damages); *Powell v. Chesapeake & Potomac Co.,* 780 F.2d 419, 424 (4th Cir. 1985) (§ 502(a)(3) of ERISA does not permit the recovery of compensatory or punitive relief for a participant's physical ailments, decline of her marriage, her son's emotional distress and her own emotional distress caused by the mishandling of a claim for disability benefits); *Bone v. Association Management Services, Inc.,* 632 F.Supp. 493, 496 (S.D.Miss.1986) (§ 502(a)(3) of ERISA does not authorize claims for punitive and extra-contractual damages). In *Simmons v. Prudential Insurance Co.,* 641 F.Supp. 675 (D.Colo.1986), the court reached the same conclusion and persuasively noted as follows:

> That the plain language of any statute must control when unambiguous is a concept too familiar to dote upon. Section 502 authorizes only equitable recovery by a beneficiary. Equitable remedies are generally held to exclude extra-contractual and punitive damages. I cannot infer a Congressional intent to include money damages when Congress, in the course of framing the comprehensive remedial body within ERISA, could easily have chosen to provide for them expressly, but declined.

641 F.Supp. at 683.

■ The rationale underlying many of the decisions cited above is persuasive. First, the language of § 502(a)(3) suggests that punitive damages are not recoverable. The section states simply that a participant, beneficiary or fiduciary may bring a civil action to obtain "other appropriate equitable relief ... to redress" violations of ERISA. 29 U.S.C. § 1132(a)(3). The relief authorized under this provision is "equitable"; no mention of a legal remedy is made. As stated by the Supreme Court in *Russell,* 473 U.S. at 147, 105 S.Ct. at 3093, "[W]here a statute expressly provides a remedy or remedies, a court must be chary of reading others into it," quoting *TransAmerica Mortgage Advisers, Inc. v. Lewis,*

444 U.S. 11, 19, 100 S.Ct. 242, 247, 62 L.Ed.2d 146 (1979). In addition, the term "redress" suggests relief which will make a person whole or compensate him. Punitive damages, on the other hand, are designed to punish and deter wrongdoing. *Int'l. Brotherhood of Electrical Workers v. Foust,* 442 U.S. 42, 48, 99 S.Ct. 2121, 2125, 60 L.Ed.2d 698 (1979). The imposition of damages beyond the benefits due under an ERISA plan thus goes against the express language of the Act.

Moreover, it would appear from the legislative history "that Congress intended to import into ERISA the fiduciary principles of the law of trusts, adapted as necessary for employee benefit plans." *Sommers, supra,* 793 F.2d at 1463, citing H.Rep. No. 533, 93d Cong., 1st Sess. (1973), *reprinted in* 1974 U.S.Code Cong. & Ad.News 4639, 4651; S.Rep. No. 127, 93d Cong., 1st Sess., *reprinted in* 1974 U.S.Code Cong. & Ad. News 4838, 4865, 4869; 120 Cong.Rec. 29,-928, 29,932 (1974) (statement by Sen. Harrison Williams introducing conference report), *reprinted in* 1974 U.S.Code Cong. & Ad.News 5177, 5186. As the Fifth Circuit Court of Appeals noted in *Sommers,* the common law of trusts does not generally impose punitive damages upon trustees for breach of fiduciary duty. 793 F.2d at 1464, citing the Restatement (Second) of Trusts § 205 (1959) and 3 A. Scott, *The Law of Trusts,* § 205–206 (1967).

It is, therefore, evident that neither § 409(a) or § 502(a)(3) of ERISA authorizes a participant or beneficiary of an employee benefit plan to recover extra-contractual or punitive damages for the improper processing of claims. Under these provisions, a participant's or beneficiary's recovery is limited to benefits due him under the terms of the plan or to "other appropriate equitable relief." As noted by the Supreme Court in *Russell,* and other courts applying the rationale stated in *Russell,* this "equitable" relief does not include either damages for such things as inconvenience, worry and emotional distress or punitive damages.

For the reasons stated above, the Court concludes and it is therefore ORDERED

that defendant's motion to strike plaintiff's claims for damages other than the benefits due under the employee benefit plan at issue in this litigation is due to be and is hereby GRANTED.