563 So.2d 1082 (1990)
Alfreda M. SHIDELER, Appellant,
v.
CONNECTICUT GENERAL LIFE INSURANCE COMPANY, et al., Appellees.
No. 89-53.
District Court of Appeal of Florida, Fifth District.
April 26, 1990.
Rehearing Denied July 19, 1990.
William F. Simonet and Stephen P. Kanar, Orlando, for appellant.
Ralph C. Losey of Subin, Shams, Rosenbluth & Moran, P.A., Orlando, for appellees.
PETERSON, Judge.
Alfreda Shideler appeals the denial of an award of prejudgment interest upon life insurance proceeds. The proceeds became payable on February 17, 1987, but were not disbursed to her by the companies issuing the policies until September 4, 1987. The delay in disbursement was not caused by any fault of the issuing companies but by litigation contesting entitlement to the proceeds of the policies and brought against the insurance companies and Shideler by the co-personal representatives of Shideler's deceased husband's estate. The co-personal representatives were the decedent's children from a former marriage, and the decedent was the insured under the life insurance policies. The insurance companies, Connecticut General Life Insurance Company (CIGNA) and Life Insurance Company of North America (LINA), faced with the problem of determining the rightful beneficiaries, sought interpleader. Eventually, the litigation was settled with the exception of determining whether prejudgment interest should be paid. Shideler and the insurance companies submitted a stipulation of facts to the trial court to determine whether she was entitled to prejudgment interest of $30,246.58 on the life insurance proceeds retained by the companies for almost seven months.
A determination of whether the interest should be paid to Shideler would be an easy *1083 task under the authority of Ray v. Travelers Insurance Co., 477 So.2d 634 (Fla. 5th DCA 1985), which held such interest payable. However, the instant case is complicated by the fact that the life insurance policy had been purchased through a group retirement plan administered by the decedent's employer. This type of group plan is regulated by federal law, the Employee Retirement Income Security Act (ERISA). 29 U.S.C.A. §§ 1001-1461. Since ERISA is silent as to whether prejudgment interest is available in an enforcement action to recover insurance proceeds, we must determine whether to apply our state law.[1] No reported decision addresses this precise issue, and, thus, we are called upon to further enlarge the body of ERISA law, and to fulfill the intent of Congress, "that a body of law will be developed by the courts to deal with the issues involving rights and obligations under private welfare and pension plans." Helms v. Monsanto Co., 728 F.2d 1416 (11th Cir.1984).
ERISA supersedes all statutes and court decisions of a state that "relate" to any employee welfare plan. 29 U.S.C.A. § 1144(a). However, state laws that have only an indirect effect on employee benefit plans might not be superseded. The United States Supreme Court has stated that "[s]ome state actions may affect employee benefit plans in too tenuous, remote or peripheral a manner to warrant a finding that the law `relates' to the plan." Shaw v. Delta Air Lines, 463 U.S. 85, 100, 103 S.Ct. 2890, 2901, 77 L.Ed.2d 490, 503 (1983).
Several courts have used this analysis in determining that certain state laws indirectly affecting employee benefit plans did not "relate" to employee benefit plans. The court in Sommers Drug Company Employee Profit Sharing Trust v. Corrigan Enterprises, 793 F.2d 1456, 1465 (5th Cir.1986), analyzed these decisions and found that two principal factors emerged from them:
First, if the state law involves an exercise of traditional state authority, then the courts are less likely to find that it relates to a benefit plan than if it involves a state attempt to regulate an area not traditionally left to the states.
Second, the courts are more likely to find that a state law relates to a benefit plan if it affects relations among the principal ERISA entities  the employer, the plan, the plan fiduciaries, and the beneficiaries  than if it affects relations between one of these entities and an outside party, or between two outside parties with only an incidental effect on the plan.
Sommers Drug, 793 F.2d at 1467 (citations omitted).
Applying Sommers' first factor, we find that the issue in the instant case is normally resolved by state law. The award of prejudgment interest in contract disputes is an exercise of traditional state authority. Prejudgment interest is routinely awarded in Florida courts, and we suggest it is routinely awarded in most of our sister states.
The application of the second principle of Sommers reveals to us that the award or denial of prejudgment interest affects relations between the beneficiary and the insurance company issuing the life insurance policy but has little impact on relations between the beneficiary and the plan. The usual situation in an ERISA plan is that the document creating the plan provides for the purchase from an insurer of a group policy insuring the lives of the members, provides for the manner of payment of premiums, and provides for other administrative details. Once the proceeds of a policy become payable to the named beneficiary or beneficiaries of a policy, the plan administrator has little, if anything, to do with the payment of the proceeds. The pleadings in this case are a prime example of the absence of any effort or interest in the proceeds by the administrator of the plan. CIGNA and LINA brought third party claims for interpleader against the decedent's children and Shideler. Neither the *1084 employer of the decedent nor the plan administrators were joined as parties to the interpleader for the simple reason that they were not needed to resolve any issue as to the proper payee of the insurance proceeds.[2]
While the award of prejudgment interest will have an economic impact upon the insurance company and indirectly upon the plan, we find that the impact upon the plan is insufficient to preclude the award. A federal court of appeals held in Rebaldo v. Cuomo, 749 F.2d 133, 139 (2d Cir.1984), that, when "a state statute of general application does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the statute has some economic impact on the plan does not require that the statute be invalidated." Similarly, in the instant case, we find the award of prejudgment interest to Shideler, while economically impacting the insurance companies, does not affect the basic structure or administration of the ERISA plan.
When a conflict exists between potential beneficiaries, companies issuing life insurance policies pursuant to an ERISA plan can pay the proceeds into the registry of the court after seeking an order allowing interpleader, or simply withhold the funds until the conflict is resolved.[3] The former response normally stops the accrual of the interest on the proceeds and the burden on the insurance company; the latter response allows the insurance company to continue earning a return on investment of the proceeds but burdens the insurance company with the accrual of interest in favor of the beneficiary. Thus, the insurance company can elect whether to eliminate the accrual of interest on the proceeds or to realize a possible profit on the proceeds held by them until the conflicting claims are resolved. If efficient management is exercised, little, if any, expense should be incurred in the form of interest. The procedures to be followed and the parties involved in the management of conflicting claims should be the same whether the beneficiaries happen to be determined in policies provided pursuant to an ERISA plan or pursuant to a plan having no connection with ERISA. We do not wish to imply that the insurance companies do not incur expenses when conflicts arise among beneficiaries, but such conflicts are to be anticipated with any policies and most likely are considered when establishing premiums.
While we hold that the award of prejudgment interest in the instant case is to be allowed under Florida law, the award of prejudgment interest in ERISA cases is not without precedent in federal cases. Several federal courts have awarded such interest. See, e.g., Dependahl v. Falstaff Brewing Corp., 653 F.2d 1208 (8th Cir.), cert. denied, 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981); Kann v. Keystone Resources, Inc., 575 F. Supp. 1084 (W.D.Penn. 1983); Folz v. Marriott Corp., 594 F. Supp. 1007 (W.D.Mo. 1984); Wilken v. AT & T Technologies, 632 F. Supp. 772 (E.D.Mo. 1984), aff'd, 822 F.2d 1095 (8th Cir.1987); Devine v. Xerox Corp., 668 F. Supp. 351 (D.Del. 1986). The above federal cases involved the award of prejudgment interest after benefits were withheld wrongfully, a factor not involved in the instant case. However, the goal of prejudgment interest is compensatory, not punitive, and a finding of wrongdoing is not required. The award of prejudgment interest is an attempt to make the plaintiff whole. Mass.Law Reform Inst. v. Legal Serv. Corp., 601 F. Supp. 415, 424 (D.D.C. 1984). The award is a means to transfer to the prevailing party the gain the losing party realized, or could have realized, from the use of the money during the relevant time period. Foltz v. U.S. News & World Report, 613 F. Supp. 634, 648 (D.D.C. 1985). *1085 The decision to award prejudgment interest in the absence of statutory guidance in the federal courts is within the court's discretion. Kann, at 1095; Folz, at 648. While the trial court had no opportunity to exercise its discretion to award interest in the instant case since it denied such an award, that discretion need not be exercised when this case is remanded. The award of prejudgment interest pursuant to Ray v. Travelers Insurance Co., 477 So.2d 634, and our finding that such an award affects ERISA plans in too tenuous, remote, and peripheral a manner makes that exercise unnecessary.
We acknowledge that one federal district court did grant a partial summary judgment denying a plaintiff's claim for damages for the interest lost on a claim for medical benefits, mental anguish, and additional expenses incurred as a result of the defendant's actions relating to an ERISA plan. Sublett v. Premier Bancorp SelfFunded Med. Plan, 683 F. Supp. 153 (M.D. La. 1988). The court gave no specific reason for denying the claim for interest but found that all of the claims for damages asserted under state law had been preempted by ERISA, citing Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), and that claims for extra-contractual damages cannot be recovered under the provisions of ERISA. Sommers Drug, 793 F.2d 1456.
The term "extra-contractual damages" is used often in ERISA cases. See generally, Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). The term is used but not specifically defined. Most of the cases in which it is used involve tort actions or actions where state statutory remedies are in issue. None of the cases reviewed by us or cited in the briefs of the parties which refer to extra-contractual damages involve the issue of prejudgment interest except Sublett. We have carefully reviewed the Sublett opinion and are unable to determine and do not speculate on the reason for that court's summarily referring to interest on a claim for medical benefits in that case as extra-contractual. Sublett stands alone when considering other cases awarding prejudgment interest, such as Dependahl, Kann, Folz, Wilken, and Devine. None of these cases referred to prejudgment interest as extra-contractual.
A consideration of all the factors and their application to the principles enunciated in Sommers Drug lead us to conclude that an award of interest upon the unpaid life insurance proceeds to Shideler does not relate to ERISA plans. Our state law providing for the award of prejudgment interest on liquidated damages is a law of general application which does not substantially affect relations among the principal ERISA entities  the employer, the plan fiduciaries, the plan, and the beneficiaries. In addition, its economic impact is insufficient to affect the overall legislative plan put into effect by ERISA. Because we find that prejudgment interest affects employee benefit plans in a tenuous, remote, and peripheral manner, state law is not preempted. State law requires that such prejudgment interest be paid. Ray v. Travelers Ins. Co., 477 So.2d 634 (Fla. 5th DCA 1985).
The final order of December 1, 1988, is REVERSED, and the matter is REMANDED for entry of judgment for prejudgment interest in favor of Shideler and for consideration of other matters raised by the stipulation of the parties for resolution by the trial court.
REVERSED and REMANDED.
DANIEL, C.J., and W. SHARP, J., concur.
NOTES
[1] ERISA bestows upon state courts concurrent jurisdiction with federal courts to untangle for litigants the federal statutory scheme when civil enforcement actions are brought to recover benefits due under the terms of a group plan. 29 U.S.C.A. § 1132(e)(1).
[2] The employer and the plan were joined as defendants in the case, but for reasons other than determining issues on the insurance policies.
[3] In the instant case, the insurance companies filed their actions in interpleader but paid the proceeds through stipulation directly to Shideler before a judicial resolution was made of the prayer for interpleader.