### John H. FONNER, Jr.

### v.

### GEORGIA–PACIFIC CORP., et al.

### Civ. A. No. 89–397–B.

United States District Court,
M.D. Louisiana.

Aug. 30, 1990.

John R. Olds, Baton Rouge, La., for plaintiff.

William R. D'Armond, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., for defendants.

---

## RULING ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL

POLOZOLA, District Judge.

Plaintiff filed this suit in state court seeking past due retirement benefits under an ERISA-regulated employee benefit plan.[1] The action was timely removed to federal court on grounds of diversity and federal question jurisdiction.[2] Plaintiff's demand included a demand for a jury trial. Defendant has now moved to strike this demand for a jury trial on the grounds that no right to a jury trial exists in an action brought under ERISA.

It is fairly clear in cases decided by the Fifth Circuit Court of Appeals that no right to a jury trial exists in matters regulated by ERISA. In *Calamia v. Spivey*, 632 F.2d 1235 (5th Cir.1980), the plaintiff sought to recover unpaid benefits under the same ERISA provisions which the plaintiff in the instant case seeks recovery. The Fifth Circuit in *Calamia* denied plaintiff's request for a jury trial stating: "We ... hold that ERISA does not entitle appellant to a jury trial."[3] The Fifth Circuit recently cited *Calamia* with approval in *Crews v. Central States, Southeast and Southwest Area Pension Fund*, 788 F.2d 332, 338 (6th Cir.1986), wherein the Court stated: "[M]ost courts have ... followed *Wardle v. Central States*, 627 F.2d 820, 829–830 (7th Cir.1980), finding no right to a jury trial under ERISA."

This Court denied the plaintiff a jury trial in *Sublett v. Premier Bancorp Self Funded Medical Plan*, 683 F.Supp. 153 (M.D.La.1988). In *Sublett*, this Court concluded:

> It is clear that no right to a trial by jury exists under ERISA on an action to recover benefits, or to clarify or enforce rights under an employee welfare benefit plan.[4]

In support of his jury trial demand, the plaintiff argues that 29 U.S.C. § 1132 seems to provide for legal relief under subsection (a)(1)(B) and equitable relief under subsection (a)(3). Plaintiff argues that because the Seventh Amendment guarantees the right to a jury trial in cases at law, he is entitled to a jury trial in this action under § 1132(a)(1)(B). The Fifth Circuit rejected this argument in *Calamia v. Spivey, supra*, when it pointed out that the apparent redundancy in subsections (a)(1)(B) and (a)(3) which necessitates such an interpretation is better explained by the fact that the federal courts have exclusive jurisdiction over all ERISA claims except those under subsections (a)(1)(B), where concurrent jurisdiction exists with the state courts. "Thus the two subsections can be construed as nonduplicative without concluding that one must be equitable and the other legal."[5]

In further support of his demand for a jury trial, the plaintiff relies on *Tull v. United States*, 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). However, *Tull* dealt with the right to a jury trial in an action by the United States to recover civil penalties under the Clean Water Act. The Supreme Court analogized such an action to an action in debt at common law wherein parties were entitled to a jury trial. The ERISA action in question cannot be similarly analogized to an action in debt because civil penalties have neither been requested nor are they available. Therefore, the Court finds *Tull* inapplicable under the facts of this case.

Although the United States Supreme Court has recently decided several cases dealing with the right to a jury trial in civil actions, none seem applicable to the instant case. *Lytle v. Household Mfg., Inc.*, —— U.S. ——, 110 S.Ct. 1331, 108 L.Ed.2d 504 (1990), dealt with the right to a jury trial when a suit brought under 42 U.S.C.

---

1. Plaintiff sought relief under 29 U.S.C. § 1132(a)(1)(B) and (a)(3).

2. 28 U.S.C. §§ 1331 and 1332.

3. *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir.1980).

4. *Sublett v. Premier Bancorp Self Funded Medical Plan*, 683 F.Supp. 153, 155 (M.D.La.1988).

5. *Calamia* at 1237.

§ 1981, in which the right to trial by jury attaches, is joined with an action filed under Title VII, 42 U.S.C. § 2000e–5. *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry,* —— U.S. ——, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990), involved a determination of whether the right to a jury trial exists in an action against a union for an alleged breach of its duty of fair dealing. Finally, in *Granfinanciera v. Nordberg,* —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Court found that the defendant in an action for the return of an allegedly preferential payment was entitled to a jury trial even though the matter arose in a bankruptcy proceeding, which is traditionally an equitable proceeding.[6] The courts which refused to allow a jury trial in ERISA cases have based their non-allowance on an analogy between ERISA cases and the common law action to recover funds held in trust, which is equitable in nature. None of the recent Supreme Court cases discussed above dealt with similar analogies and are inapplicable to the facts of this case.

Therefore:

IT IS ORDERED that the defendant's motion to strike plaintiff's demand for a jury trial be and it is hereby GRANTED.

---

**6.** A recent district court case granted the plaintiff a right to a jury trial in an ERISA action. *Vicinanzo v. Brunschwing & Fils,* 739 F.Supp. 882 (S.D.N.Y.1990). The Court refuses to follow this decision because it is in conflict with decisions rendered by the Fifth Circuit Court of Appeals and this Court.