Janet L. LEE

v.

SUN LIFE ASSURANCE COMPANY
OF CANADA.

Civil Action No. 97–32–B–M1.

United States District Court,
M.D. Louisiana.

Sept. 21, 1998.

Leo J. Berggreen, Baton Rouge, LA, for
Janet L. Lee.

Joseph B. Morton, III, Duplass, Zwain &
Williams, Metairie, LA, for Sun Life Assur.
Co. of Canada.

## RULING

POLOZOLA, Chief Judge.

This case, alleging arbitrary and capricious refusal by Sun Life Assurance Company of Canada ("Sun Life") to pay benefits under its policy, is before the Court on defendant's motion for partial summary judgment. For the reasons which follow, defendant's motion for partial summary judgment is granted.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff, Janet Lee, originally filed the instant action on December 20, 1997 in the Nineteenth Judicial District Court for East Baton Rouge Parish. Plaintiff claims that she became disabled in September 1993 as a result of cervical and lumbar surgeries. Pursuant to the provisions of the long term disability policy issued by the defendant, Sun Life paid disability payments to plaintiff from March 7, 1994 until March 6, 1996.

Thereafter, plaintiff claims, she applied for and was denied disability benefits by defendant. Plaintiff alleges that defendant's denial of benefits was arbitrary and capricious and that, as a result, she is entitled to penalties and attorney fees under Louisiana Revised Statutes 22:657. In addition, plaintiff seeks payment of benefits from March 7, 1996 until such time as she is· no longer disabled.

On January 14, 1997, defendant timely removed the action to federal court on the basis of federal question jurisdiction. Defendant now asserts, via its motion for partial summary judgment, that plaintiff's state law claims under Louisiana Revised Statutes 22:657 are preempted by the Employee Retirement Income Security Act of 1974 (ERISA).[1] The Court agrees with the defendant.

## II. SUMMARY JUDGMENT ANALYSIS

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2]

The well-established criteria that there must be no *genuine* issue of *material* fact before summary judgment will issue ensures that a properly supported motion will not be defeated simply by the "existence of *some* alleged factual dispute."[3] With respect to "materiality," because the underlying substantive law is referenced to determine what facts are material,[4] only factual disputes that might affect the action's outcome under governing law can properly preclude summary judgment; disputes over facts which have no effect on the action's resolution are irrelevant.[5] However, even if material, a factual dispute will not prevent summary judgment if the dispute is not "genuine." Such a conclusion is reached when the evidence could not lead a rational trier of fact to return a verdict for the non-moving party.[6] In examining the record, the Court will view the evidence and draw all reasonable inferences therefrom in favor of the non-moving party.[7]

In this situation, defendant has filed the motion, and the plaintiff bears the burden of persuasion on the issues at trial. In a situation where the moving party does not bear the burden of proof on the issue at trial, the movant may discharge its burden by simply informing the Court of the basis for its mo-

---

1. 29 U.S.C. § 1001 et seq. (1985 and Supp.1998).

2. FED. R. CIV. P. 56(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Cormier v. Pennzoil Exploration & Prod. Co.,* 969 F.2d 1559, 1560 (5th Cir.1992).

3. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

4. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

5. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

6. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. *See also Kelley v. Price–Macemon, Inc.,* 992 F.2d 1408, 1413 (5th Cir.1993) ("If, on the other hand, the fact finder could reasonably find in [favor of the non-moving party], then summary judgment is improper.").

7. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513; *Newport Ltd. v. Sears, Roebuck & Co.,* 6 F.3d 1058, 1064 (5th Cir.1993).

tion and either producing evidence that negates the existence of a material element in the non-moving party's claim or defense or identifying to the Court those portions of the record which demonstrate the lack of proof supporting a crucial element of the non-movant's case.[8]

Once the moving party makes the proper showing, the burden shifts to the non-moving party to designate "specific facts" in the record, by way of non-conclusory affidavits, depositions, answers to interrogatories, or admissions on file, which evidence that there is a genuine issue for trial.[9] Because it bears the ultimate burden of proof at trial, the non-moving party is required to establish each element crucial to its action "since a complete failure of proof concerning an essential element of the non[-]moving party's case necessarily renders all other facts immaterial."[10] The non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings and "must do more than simply show there is some metaphysical doubt as to the material facts."[11] When all the evidence presented by both parties "could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'" and summary judgment is proper.[12]

## III. ISSUES AND ANALYSIS

Two issues are presented by this motion for partial summary judgment: (1) whether plaintiff's disability policy with defendant is covered by ERISA; and (2) if the plaintiff's policy is covered by ERISA, whether plaintiff's claims under state law are preempted by ERISA.

## A. ERISA COVERAGE OF PLAINTIFF'S POLICY

■ This Court must first determine whether plaintiff's disability policy is an ERISA plan. Whether an ERISA plan exists is a question of fact.[13] A disability policy is an ERISA "employee welfare benefit plan" if it (1) is "established or maintained" by an employer engaged in commerce or industry; and (2) "provid[es] for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment...."[14] A review of plaintiff's policy with defendant clearly indicates that the policy's purpose was to provide benefits to plaintiff in the event of her disability; accordingly, the second prong of the above definition of an ERISA "employee welfare benefit plan"is satisfied.

The more difficult question for this Court to determine is whether plaintiff's employer, State National, "established or maintained" an ERISA plan. To resolve this question, the court must follow a three-step inquiry set forth by the Fifth Circuit.[15]

■ Under this process, this Court must first apply the safe-harbor provision that has been promulgated by the Secretary of Labor to determine if the plan is exempt from ERISA.[16] Under the safe-harbor provision, plaintiff's policy is NOT an ERISA employee welfare benefit plan if (1) State National, as employer, contributed to the plan; (2) plaintiff's participation in the plan was completely

8.  *Celotex*, 477 U.S. at 323–24, 106 S.Ct. at 2553; *Latimer v. Smithkline & French Labs., Div. of Smithkline Beckman Corp.*, 919 F.2d 301, 303 (5th Cir.1990); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

9.  *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Kelley v. Price–Macemon, Inc.*, 992 F.2d at 1413.

10.  *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552.

11.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

12.  *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

13.  *McDonald v. Provident Indemnity Life Ins. Co.*, 60 F.3d 234, 235 (5th Cir.1995), *cert denied*, 516 U.S. 1174, 116 S.Ct. 1267, 134 L.Ed.2d 214 (1996); *Gahn v. Allstate Life Ins. Co.*, 926 F.2d 1449, 1451 (5th Cir.1991).

14.  29 U.S.C. §§ 1002(1), 1003(a)(1) (1985 and Supp.1998).

15.  *McDonald*, 60 F.3d at 236. See also *Gahn*, 926 F.2d at 1452–1453.

16.  29 C.F.R. § 2510.3–1(j)(1)—(4)(1997).

voluntary; (3) State National's involvement in the plan was limited to permitting Sun Life (as the insurer) to publicize the plan to employees, collecting premiums from employees via payroll deductions, and remitting the funds to defendant; and (4) State National received no profit or other consideration in connection with the plan. State National's plan must meet all four criteria in order to be exempt from ERISA.[17] Defendant's answers to plaintiff's interrogatories reveal that State National contributed 60 percent of the premiums due on behalf of its employees. Because the first criterion above is not satisfied, the plan is not exempt from ERISA.

■ Having concluded that the plan is not exempt from ERISA coverage, this Court must determine if there was a "plan" "by inquiring whether 'from the surrounding circumstances a reasonable person [could] ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.' "[18] The intended benefits are clearly ascertainable from reading the policy documents, as is the class of beneficiaries. Further, a reasonable person could ascertain from the policy documents and from the plan administrator the source of financing, namely that State National and each employee were to contribute 60 percent and 40 percent, respectively, of each premium payment due. Likewise, the procedures for receiving benefits are ascertainable from the policy documents. Thus, a "plan" clearly exists under this standard.

■ Finally, the Court must determine whether State National "established or maintained" the plan for the purpose of providing disability benefits to its employees.[19] As indicated by defendant's answers to plaintiff's interrogatories, State National and Sun Life entered into an agreement pursuant to which State National agreed to pay defendant monthly premiums in exchange for the disability benefits provided under the group policy. The evidence reveals that State National did forward monthly premium payments to defendant until the policy was canceled effective September 1994. Furthermore, Ms. Janet Mills, an employee of State National, was appointed by State National to serve as plan administrator. Thus, it is clear that State National, as employer, both established and maintained the plan for the purpose of providing benefits to its employees.

Plaintiff, in her memorandum opposing this motion for partial summary judgment, asserts that the disability policy is not an ERISA plan and is thus not subject to ERISA. Plaintiff relies on *Taggart Corp. v. Life and Health Benefits Administration, Inc.*, 617 F.2d 1208 (5th Cir.1980) and *Clark v. Golden Rule Insurance Co.*, 737 F.Supp. 376 (W.D.La.1989) to support her position.

■ These cases, however, are distinguishable from the instant matter as both involved so-called "multiple employer trusts." A multiple employer trust is an arrangement whereby employers with too few employees to qualify for group rates on their own may subscribe to a trust, which "pools" the employers' premiums and issues a policy covering the participating employers and their employees.[20] The Fifth Circuit in *Taggart Corp.* held that ERISA does not regulate such "bare purchases of health insurance where . . . the purchasing employer neither directly nor indirectly owns, controls, administers or assumes responsibility for the policy or its benefits."[21] Furthermore, the Eleventh Circuit has noted that the courts, congressional committees, and the Secretary of Labor have uniformly held such arrangements to be outside the scope of ERISA.[22]

■ The policy at issue here is clearly not a multiple employer trust because State National contracted directly with the defendant.

---

17. *Gahn*, 926 F.2d at 1452.

18. *McDonald*, 60 F.3d at 236, *quoting Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 240 (5th Cir.1990).

19. *McDonald*, 60 F.3d at 236.

20. *See, e.g., Taggart Corp.*, 617 F.2d at 1210.

21. *Taggart Corp.*, 617 F.2d at 1211.

22. *See Donovan v. Dillingham*, 688 F.2d 1367, 1372 (11th Cir.1982), *citing, Wayne Chem., Inc. v. Columbus Agency Serv. Corp.*, 567 F.2d 692 (7th Cir.1977).

Furthermore, State National, as noted in defendant's answers to interrogatories, served as administrator of the plan. Thus, the *Taggart Corp.* and *Clark* cases are distinguishable and this Court is not bound by their holdings.

Therefore, this Court concludes that the State National disability policy constitutes an ERISA plan and is thereby subject to the provisions of ERISA.

## B. ERISA PREEMPTION OF PLAINTIFF'S STATE LAW CLAIMS

Because this Court has found that plaintiff's policy is covered by ERISA, the next question to be resolved by the Court is whether plaintiff's state law claims for penalties and attorney fees under Louisiana Revised Statutes 22:657 are preempted by ERISA.

In order to effectuate the substantive and procedural provisions of ERISA, Congress enacted a comprehensive civil enforcement scheme.[23] Furthermore, because of the broad scope of ERISA and the resulting overlap with numerous state laws, Congress enacted three provisions pertaining to the preemptive effect of ERISA. These provisions are often referred to as the preemption clause,[24] savings clause,[25] and the deemer clause.[26]

These preemptive provisions have been interpreted and applied by the United States Supreme Court in *Pilot Life Insurance Co. v. Dedeaux*[27] and in *Metropolitan Life Insurance Co. v. Massachusetts,*[28] and by the Louisiana Supreme Court in *Cramer v. Association Life Insurance Co.*[29]

However, a detailed application of the preemptive provisions is not required here.

**23.** 29 U.S.C. § 1132 (1985 and Supp.1998).

**24.** 29 U.S.C. § 1144(a)(1985 and Supp.1998).

**25.** 29 U.S.C. § 1144(b)(2)(A)(1985 and Supp.1998).

**26.** 29 U.S.C. § 1144(b)(2)(B)(1985 and Supp.1998).

**27.** 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

**28.** 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985).

The Louisiana federal district courts and the Louisiana Supreme Court are in agreement in holding Louisiana Revised Statutes 22:657 to be preempted by ERISA because it is in conflict with ERISA's comprehensive civil enforcement scheme.[30] Accordingly, this Court holds plaintiff's claims under Louisiana Revised Statutes 22:657 to be preempted by ERISA.

In conclusion, this Court finds that the defendant is entitled to partial summary judgment.

Therefore:

IT IS ORDERED that defendant's motion for partial summary judgment be and it is GRANTED.

IT IS FURTHER ORDERED that plaintiff's claims under Louisiana Revised Statutes 22:657 are dismissed.

**29.** 569 So.2d 533 (La.1990), *cert. denied,* 499 U.S. 938, 111 S.Ct. 1391, 113 L.Ed.2d 447 (1991).

**30.** *Sublett v. Premier Bancorp Self Funded Med. Plan,* 683 F.Supp. 153 (M.D.La.1988); *Taylor v. Blue Cross/Blue Shield of New York,* 684 F.Supp. 1352(E.D.La.1988); *Rasmussen v. Metropolitan Life Ins. Co.,* 675 F.Supp. 1497 (W.D.La.1987); *Cramer v. Ass'n Life Ins. Co.,* 569 So.2d 533 (La.1990), *cert. denied,* 499 U.S. 938, 111 S.Ct. 1391, 113 L.Ed.2d 447 (1991).